UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Tony B. Gaskins, Derick Tyler,
Luis Ayala, and others similarly
situated, et al,

    Plaintiffs,

v.

David Nolan, Superintendent;
Lisa Mitchell, Deputy Superintendent;
Sherry Elliott, Director of Treatment;
Beverly Veglas, Librarian, et al,

    Defendants.

Civil Action No. 05-10630 JLT

Referred to Ch MJ MB Bowler

Verified Civil
"Contempt Complaint"
and jury demand

## I. Introduction.

The named plaintiffs, and others similarly situated brings this contempt complaint against the named defendants for violating the provisions of Cepulonis v. Fair, 563 F.Supp. 659 (1983), aff'd in part, 732 F.2d 1 (1984), where the defendants have taken the photocopier out of Ten Block denying the "housed convicts" "adequate" access to properly research and litigate their respective case(s). This action has now seriously hindered the housed convicts ability to properly research their case(s) because now "all" copies so sought must be obtained through the "main library." See 103 CMR 478.09.

## II. Jurisdiction

Jurisdiction is invoked upon this Court pursuant to 42 U.S.C. § 1983.

### III. Parties

1. Plaintiff, Tony B. Gaskins, is and was at all times mentioned herein this complaint.

2. Plaintiff, Derick Tyler, is and was at all times mentioned herein this complaint.

3. Plaintiff, Luis Ayala, is and was at all times mentioned herein this complaint.

4. Defendant, David Nolan, is the Superintendent of MCI-Cedar Junction, and is being sued in both his official and individual capacity.

5. Defendant, Lisa Mitchell, is the Deputy Superintendent who is in charge of the orderly running of 10 Block, and is being sued in both her official and individual capacity.

6. Defendant, Sherry Elliott, is the Director of Treatment, and is being sued in both her official and individual capacity.

7. Defendant, Beverly Veglas, is the Librarian, and is being sued in both her official and individual capacitu.

### IV. Facts

8. On or about February 4, 2005, staff in 10 Block informed Plaintiffs during their "Satellite Law Library" periods that "photocopies" of "any" legal material will no longer be afforded them in 10 Block.

9. Staff told Plaintiffs that Beverly Veglas and Lisa Mitchell called 10 Block and told them "not" to make "any"

-3-

copies for the plaintiffs, and others similarly situated, and that all 10 Block convicts must send any requested copy materials to the "main library" for copies.

10. Sherry Elliott, the Director of Treatment, is Beverly Veglas' boss who is allowing this illegal misconduct.

11. The photocopier in 10 Block is for the convicts use who are using the Satellite Law Library to properly and "adequately" do research.

12. Then, on February 25, 2005, the photocopier was removed from the library area in 10 Block and taken downstairs to the Lieutenant's Office, where it remains to date locked up. This was done per order of Lisa Mitchell.

13. This matter has been aggrieved by the Plaintiffs and has fell on "deaf ears." David Nolan issued his endorsement of the illegal acts in his findings of the grievance appeal.

14. The defendants actions are in violation of Cepulonis and are causing Plaintiffs and others similarly situated, great harm and irreparable injury.

15. Plaintiffs all have pending legal matters that requires immediate filings at times, but, due to defendants illegal actions, their ability to "adequately" litigate and research the issues relevant to their respective cases has been seriously hindered deliberately, arbitrarily and

capriciously by the defendants.

16. For example, if the Plaintiffs receive a "deadline" from the Court to have an issue filed within a 5 day period, the Plaintiffs will have to place the legal material in the institution's mailbox to the "main library" (which could take 1 to 2 days), then wait for hiw many days for the clerk to make the copies, and by the time the copies are returned may be a week to two weeks later, if not longer.

17. This is the problem that Cepulonis addressed and this violates Bounds v. Smith.

18. Since the Satellite Library in 10 Block is not big enough to store all of the required law books, convicts in 10 Block were allowed to request "only" for copies through the "main library" those requested copies not obtainable in the satellite library. Otherwise, copies were always made in 10 Block.

19. The reason for this occurrence is because Beverly Veglas complained to Lisa Mitchell that "too much" toner for the 10 Block copier is being used and she sought permission through Sherry Elliott and Lisa Mitchell to discontinue the use of the Satellite Library copier, and for all copies to come through her at her "discretion." And all responses to the grievances filed says its the librarian's "discretion." This is unconstitutional.

20. Plaintiffs realleges and reaffirms paragraphs 1-19.

## V. Cause of Action

21. Defendants Nolan, Mitchell, Elliott and Veglas all are in contempt of Cepulonis and are violating Plaintiffs, and others similarly situated constitutional rights articulated in Bounds, and acting under color of law, violated 42 U.S.C. § 1983 and Cepulonis v. Fair, 563 F.Supp. 659 (1983), aff'd in part, 732 F.2d 1 (1984).

22. Defendants Nolan, Mitchell, Elliott and Veglas "hiding" the photocopier and denying Plaintiffs, and others similarly situated, access to make copies and to "adequately" do research actions are arbitrary, capricious and deliberately in violation of Plaintiffs constitutional rights articulated in Bounds v. Smith, 97 S.Ct. 1491 (1977), the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983.

23. Defendants Nolan, Mitchell and Elliott are in violation of Cepulonis where they have "cut back" on the hours ordered in Cepulonis which was 56 hours, and convicts are now only afforded 42 hours of library time.

24. Plaintiffs realleges and reaffirms paragraphs 1-23.

## VI. Prayer For Relief

Wherefore, the Plaintiffs prays for the following relief:

A. Grant Plaintiffs an injunction ordering Defendants

to return the photocopier for use during the satellite library period by Plaintiffs, and others. And to restore the 56 hours of library time instead of the now 42 hours of library usage which is in contrast to Cepulonis.

B. Find the defendant actions deliberate and indifferent and award Plaintiffs monetary damages against defendants, severally, $25,000.00 in compensatory damages and $50,000.00 in punitive damages.

C. Plaintiffs seeks a **Bound** on the assets of David Nolan, Lisa Mitchell, Sherry Elliott and Beverly Veglas, in the amount of $75,000.00 per defendant, until resolution of this civil action.

D. Plaintiffs demand a trial by jury.

E. Award the Plaintiffs court costs and attorney fees.

F. Grant Plaintiffs other relief this Court deems just and equitable.

Respectfully Submitted,

Tony B. Gaskins, Pro se
MCI-Cedar Junction
P.O. Box 100
South Walpole, Ma. 02071


Derick Tyler, Pro se
MCI-Cedar Junction
P.O. Box 100
South Walpole, Ma. 02071


Luis Ayala W-52425
Luis Ayala, Pro se
MCI-Cedar Junction
P.O. Box 100
Dated:   South Walpole, Ma. 02071

MASS
SJC & APPEALS COURT REPORTS
EARLIER CASE EDITIONS
CAN BE REQUESTED
FROM
MAIN LIBRARY
Also

*Supreme Court Rprt*

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Tony B. Gaskins, Derick Tyler, Luis Ayala

### DEFENDANTS
David Nolan, Lisa Mitchell, Sherry Elliott, Edward Ficco, Kerley

**(b)** County of Residence of First Listed Plaintiff: **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Norfolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05-10630-JLT

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
**Pro Se**

Attorneys (If Known)
Nancy A White, 20 Franklin St., Boston, MA 02110-1300

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3/24/05
SIGNATURE OF ATTORNEY OF RECORD: Tony Gaskins

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Tony B. Gaskins et al_ v. _David Nolan, et al_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    05 - 10630

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ✓ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

    ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

    YES     (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

    YES     (NO)

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

    YES      NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

    YES     (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

    (YES)     NO

    A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE? _I don't understand?_

         EASTERN DIVISION      CENTRAL DIVISION       WESTERN DIVISION

    B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

         EASTERN DIVISION      CENTRAL DIVISION       WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Tony B. Gaskins, Pro Se_
ADDRESS _MCI-Cedar Junction, P.O. Box 100, So. Walpole, MA 02071_
TELEPHONE NO. _N/A_

(Cover sheet local.wpd - 11/27/00)