UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TONY B. GASKINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 05-10630-JLT |
| v. | ) | |
| | ) | |
| DAVID NOLAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM AND ORDER

For the reasons set forth below, Plaintiff Tony B. Gaskins's Application to Proceed *in forma pauperis* is Allowed. The assessment of the initial partial payment of the filing fee shall be deferred pending receipt of completed Applications to Proceed *in forma pauperis* by co-Plaintiffs Ayala and Tyler, at which time the $250 filing fee shall be apportioned equally amongst the Plaintiffs. The Treasurer's Office at MCI Cedar Junction is directed to provide this Court with the Plaintiff's prison account information as set forth herein.

BACKGROUND

On March 29, 2005, Plaintiffs Tony B. Gaskins, Derick Tyler, and Luis Ayala, all inmates in the "10 Block" at MCI Cedar Junction, Walpole, MA, filed a civil "Contempt Complaint" alleging violations of 42 U.S.C. §1983 with respect to their right to access to the courts, based on denial of law library access.

Specifically, Plaintiffs contend that on or about February 4, 2005, prison staff advised Plaintiffs that photocopies of any legal material will no longer be available to them in 10 Block. [Complaint, ¶8]. Staff were told not to make copies for the inmates, and that all 10 Block

convicts must make requests for copies of materials to the "main library." [Complaint, ¶9]. On February 25, 2005 the photocopier was removed from the library area in 10 Block. Plaintiffs contend "[t]his matter has been aggrieved by the Plaintiffs and has fell [sic] on "deaf ears." [Complaint, ¶13].

Plaintiffs claim that the defendants (including the Superintendent, and Deputy Superintendent, Director of Treatment, and Librarian) have made it impossible to research and litigate their pending cases, and by doing so, are in contempt of Judge Zobel's remedial Order for the defendants to establish a "Satellite Law Library" at 10 Block, as set forth in Cepulonis v. Fair, 563 F. Supp. 659 (1983), aff'd in part, 732 F.2d 1 (1st Cir. 1984) (establishment of satellite library as remedial measure for "barred access", see Bounds v. Smith 430 U.S. 817 (1977), not an abuse of district court's discretion).

Although Plaintiffs do not specify the types of pending cases they have, they allege "actual injury" with respect to their case, in that they are denied an adequate ability to litigate and research the relevant issues in their cases, and to meet filing deadlines, because of the delay in mailing copy requests to the main library, and then waiting for copies to be returned. Plaintiffs claim this delay can be one to two weeks or longer. [Complaint, ¶16]. Plaintiffs claim this was the same problem addressed in Cepulonis, and that this constitutes "barred access" under Bounds, supra.

Plaintiffs assert that the defendants explanation for the removal of the copier was that "too much toner" was being used. [Complaint, ¶19].

Plaintiffs also claim that the hours of library time have been cut back from 56 hours, as ordered in Cepulonis, to 42 hours. Plaintiffs seek injunctive and monetary relief.

DISCUSSION

I.   Apportionment Between Plaintiffs of the Filing Fee

A party bringing a civil action must either (1) pay the $250.00 filing fee when filing the complaint; or (2) file an application to proceed without prepayment of the filing fee. See 28 U.S.C. §§1914(a) (filing fees), 1915 (proceedings *in forma pauperis*). Where the plaintiff is a prisoner, an application for waiver of prepayment of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration. 28 U.S.C. §1915(a)(2).[1]

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $250 filing fee, notwithstanding the grant of *in forma pauperis* status. See §1915(b)(1)-(2) (prisoners filing civil actions are required to pay the full amount of the filing fee, even when proceeding *in forma pauperis*). Rather, prisoner plaintiffs must pay the full amount of the filing fee, although such payments may be made in installments, payable through their prison accounts.

The First Circuit has not had an occasion to determine whether multiple prisoner plaintiffs who bring a single action each owe the entire filing fee or whether the fee should be divided amongst them. Circuit courts disagree as to the filing fee requirements in this scenario. Compare Boriboune v. Berge, 391 F.3d 852, 855-56 (7th Cir. 2004) (assessing full filing fee against each prisoner plaintiff), and Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001)

---

[1] For the convenience of litigants, this court provides a standardized form for fee waiver applications, in which the applicant is directed to attach a ledger sheet from the institution of incarceration showing prison account transactions for the six months prior to the date of the complaint.

(same), with In re Prison Litigation Reform Act, 105 F.3d 1131 (6th Cir. 1997) (explaining that each prisoner plaintiff should pay a portion of the fee). The practice of this court has been to equally apportion the filing fee between all plaintiffs. See, e.g., Gordon v. Maloney, C.A. No. 03-10205-DPW (D. Mass. July 9, 2003) (Woodlock, J.); Matthews v. Allen, C.A. No. 02-11922-RWZ (D. Mass. June 26, 2003) (Zobel, J.), and Wickers, et al. v. Sheriff Cousins, et al., C.A. 05-10172-RCL (February 23, 2005) (Lindsay, J.).

 Here, Plaintiff Gaskins is the only Plaintiff who has submitted a completed Application to Proceed *in forma pauperis*, accompanied by his prison account statement. Based on the disclosures, his Application is Allowed, however, the Court will defer on assessing Gaskins the initial partial filing fee pursuant to §1915(b) in order afford co-Plaintiffs Ayala and Tyler an opportunity to seek *in forma pauperis* status.

 Accordingly, should co-Plaintiffs Ayala and Tyler wish to proceed as plaintiffs in this action, they must, within forty-two (42) days of the date of this Order, each complete an Application to Proceed *in forma pauperis*, detailing their financial information. Additionally, they must also submit a certified prison account statement for the past six (6) months, in accordance with §1915(b).

 If both Ayala and Tyler submit proper documentation, and qualify for *in forma pauperis* status, then all three Plaintiffs shall be assessed the filing fee in equal amounts. Based on the information contained in the account statements, the court will direct the appropriate prison official to withdraw initial partial payments from the account of each plaintiff, followed by payments on a continuing monthly basis until each plaintiff has paid in full his portion of the $250.00 filing fee.

Failure of Ayala or Tyler to either pay the proportionate share of the filing fee, or submit an Application to Proceed in forma pauperis by the end of the forty-two day period, will result in dismissal of the non-complying Plaintiff from this action, without prejudice, for failure to pay the filing fee. Any party who wishes to voluntarily withdraw from this case prior to the expiration of the forty-two day period may alert the court of the same. If necessary, the filing fee shall be reapportioned so that it will be divided equally between the remaining plaintiffs.

II.   Order to Prison for Plaintiff's prison account statements.

In order to facilitate this Court's assessment of the filing fee, the Treasurer's Office at MCI Cedar Junction is directed to provide to this Court, within forty-two (42) days of the date of this Order, certified copies of each of Plaintiff Gaskins, Ayala, and Tyler's prison account statement for the six (6) months preceding March 29, 2005, and include the following information: 1) the average monthly deposits to their prison account for that six (6) month period; and 2) the average monthly balance in the prisoners' accounts for the six (6) month period immediately preceding March 29, 2005 (date of filing of the Complaint).

If any of the Plaintiffs in this action either pays the proportionate filing fee, or wishes to withdraw from this action, he shall notify this Court and the Treasurer's Office that no prison account information will be submitted, and the Treasurer's Office shall not be obligated to provide such information to the Court.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED:

1.   Plaintiff Tony B. Gaskins's Application to Proceed *in forma pauperis* is Allowed. The Court will defer on assessment of the initial partial filing fee owed by Gaskins pursuant

        to 28 U.S.C. §1915(b)(1), pending either joint payment of the $250.00 filing, or, in the alternative, receipt by this Court of completed Applications to Proceed *in forma pauperis* by co-Plaintiffs Luis Ayala and Derick Tyler, accompanied by their prison account statements. The clerk shall provide the Application forms to the Plaintiffs for completion;

2      Failure of Plaintiffs Luis Ayala and Derick Tyler to either pay the filing fee or submit completed Applications to Proceed *in forma pauperis* within forty-two (42) days of the date of this Procedural Order, will result in the dismissal of Ayala and Tyler as plaintiffs in this action;

3.     If Ayala and Tyler fail to comply with this Order and are dismissed as plaintiffs, then the $250.00 filing fee shall be assessed solely as to Plaintiff Gaskins, to be paid in installments under §1915(b);

4.     If both Ayala and Tyler submit completed Applications, and qualify for *in forma pauperis status*, the $250 filing fee shall be assessed in equal parts of $83.33[2] per Plaintiff, to be assessed in accordance with §1915(b);

5.     If either Ayala or Tyler submit the appropriate Application and prison statement, and the co-plaintiff does not, then the filing fee shall be assessed proportionately in equal parts between Gaskins and the complying Plaintiff, of $125.00 each, to be assessed in accordance with §1915(b);

6.     In order to facilitate assessment of the filing fee, the Treasurer's Office at MCI Cedar Junction is directed to provide this Court with certified copies of each Plaintiff's prison account statement for the six (6) months preceding March 29, 2005, and include 1) the average monthly deposits to their prison account; and 2) the average monthly balance in the prisoners' accounts for the six (6) month period immediately preceding March 29, 2005 (date of filing of the Complaint).

Dated at Boston, Massachusetts, this <u>13th</u> day of <u>April</u>, 2005

                                            /s/ Joseph L. Tauro
                                            JOSEPH L. TAURO
                                            UNITED STATES DISTRICT JUDGE

---

[2] Because the $250.00 filing fee cannot be equally divided between three Plaintiffs, the remaining balance of $.01 shall be waived.