UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TONY B. GASKINS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-10630-JLT |
| v. | ) ) | |
| DAVID NOLAN, et al., | ) ) | |
| Defendants. | ) ) ) | |

ORDER ON MOTIONS

On May 3, 2005 Plaintiff Tony Gaskins, on behalf of all Plaintiffs, filed a Motion to Compel Photocopies of Legal Documents Wished to be Copied by Plaintiffs (#5) and on May 9, 2005, he filed a Motion for Appointment of Counsel (#4). Both motions are denied without prejudice.

On April 13, 2005 a Memorandum and Order (#3) entered with respect to apportionment of filing fees amongst the Plaintiffs, and allowed Plaintiffs to file completed Applications to Proceed *in forma pauperis*, accompanied by their prison account statements if they wished to remain as Plaintiffs in this action. To date, none of the Plaintiffs have complied with the directives contained in the Memorandum and Order. Thus, the status of the Plaintiffs in this action has not yet been resolved. While the Court did receive prison account statements directly from the prison in accordance with the Memorandum and Order, the Plaintiffs Ayala and Tyler have failed to file a completed Application to Proceed Without Prepayment of Fees, indicating any other financial information. These Plaintiffs have also advised whether they wish to withdraw from this action or proceed, subject to apportionment of the filing fee. Summonses

have not yet issued pending resolution of these issues.

Accordingly, Plaintiffs' motions for appointment of counsel and to compel documents from the defendants are premature and are denied without prejudice to renew after service of process on the Defendants has been effectuated, and after the Defendants have filed a responsive pleading to the Complaint. As a precondition to the re-filing of Plaintiffs' motion to compel, the Plaintiffs shall certify that a good faith effort was made with the Defendants or defense counsel to try and resolve or narrow the issues. With respect to the request for appointment of counsel, Plaintiffs' mere allegation that this case requires an experienced attorney in order to receive a successful result, is insufficient to demonstrate the type of exceptional circumstances required to warrant appointment of *pro bono* counsel. Should Plaintiffs re-file such a motion, they shall also set forth facts demonstrate with specificity any exceptional circumstances warranting appointment.

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

Dated: May 17, 2005