UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TONY B. GASKINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 05-10630-JLT |
| v. | ) | |
| | ) | |
| DAVID NOLAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

FURTHER MEMORANDUM AND ORDER

For the reasons set forth below: 1) Plaintiff Tony B. Gaskins is assessed an initial partial payment of the filing fee pursuant to 28 U.S.C. § 1915(b);  2) The filing fee assessed herein is deferred, and the Accounting Department of the Clerk's Office, and MCI Cedar Junction or other prison having custody of Plaintiff Gaskins shall not collect this filing fee until such time as the Plaintiff has paid the filing fee in C.A. 05-10858-GAO; 3) Plaintiffs Louis Ayala and Derick Tyler are dismissed as Plaintiffs in this action; and 4) Plaintiff Gaskins's Motion for an Order directing service of process by the United States Marshal (#10) is allowed, and summonses shall issue.

BACKGROUND

On March 29, 2005, Plaintiffs Tony B. Gaskins, Derick Tyler, and Luis Ayala, all inmates in the "10 Block" at MCI Cedar Junction, Walpole, MA, filed a civil "Contempt Complaint" alleging violations of 42 U.S.C. §1983 with respect to their right to access to the courts, based on denial of law library access, in violation of Judge Zobel's remedial Order for the defendants to establish a "Satellite Law Library" at 10 Block, as set forth in Cepulonis v. Fair, 563 F. Supp. 659 (1983), aff'd in part, 732 F.2d 1 (1st Cir. 1984) (establishment of satellite

library as remedial measure for "barred access", see Bounds v. Smith 430 U.S. 817 (1977), not an abuse of district court's discretion).

On June 6, 2005, Plaintiff Gaskins and other inmates filed a related action seeking additional relief. See Gaskins, et al. v. Dennehy, et al., C.A. 05-11230-DPW.

DISCUSSION

I.   Assessment of Filing Fee on Plaintiff Gaskins, and Dismissal of Co-Plaintiffs

To date, only Plaintiff Gaskins has filed a completed Application to Proceed *in forma pauperis*. This Court granted the motion, but deferred assessment of the payment under 28 U.S.C. § 1915(b), so that the filing fee could be apportioned between the three plaintiffs. By Memorandum and Order dated April 13, 2005 (#3), this Court directed co-Plaintiffs Ayala and Tyler to submit separate Applications to proceed *in forma pauperis*. These applications provide for further financial disclosures and require the applicant to sign under the pains and penalties of perjury. The Memorandum and Order also directed all Plaintiffs to submit their prison account statements for the past six months, so that the filing fee could be apportioned and assessed, pursuant to 28 U.S.C. § 1915(b). To facilitate this process, the Court directed MCI Cedar Junction to provide the Court with such account information. The prison facility complied and provided this Court with such information.

To date, neither Plaintiffs Ayala or Tyler have complied with the Memorandum and Order. They have failed to file a completed Application to proceed in forma pauperis, and they have failed to notify this Court whether they wish to proceed as Plaintiffs in this action. Accordingly, the Court presumes that these Plaintiffs have abandoned their claims in this action

at this time, and hereby Orders that Plaintiffs Ayala and Tyler be dismissed as parties to this action, for failure to comply with this Court's directives. Should the Plaintiffs wish to raise their claims, they must file a separate civil action and either pay the $250.00 filing fee, or file a completed Application to Proceed Without Prepayment of Fees, accompanied by their prison account statements for the six months prior to such filing of a new civil action.

Further, in view of the dismissal of claims by Ayala and Tyler, the Court will deem Plaintiff Gaskins to be the sole Plaintiff in this action, and will assess the entire filing fee of $250.00 to Plaintiff Gaskins, as set forth herein.

II.     Order to MCI Cedar Junction and Accounting Department of Clerk's Office

In view of the above, Plaintiff Gaskins is assessed an initial partial filing fee, based on his prison account statement, in the amount of $21.32 pursuant to 28 U.S.C. § 1915(b)(1). The remainder of the fee ($228.68) is to be collected in accordance with 28 U.S.C. § 1915(b)(2).

However, it is Further Ordered that collection of this fee is deferred. In circumstances where a prisoner has outstanding filing fees for more than one lawsuit, (or fees are assessed by more than one court) courts are faced with the question of whether the multiple fees should be collected simultaneously or consecutively. The First Circuit has not addressed this issue; and other circuits are not in agreement. See Carr v. Whitfield, et al., 00-11960-WGY (deferring collection of District Court fee until after fee collected by the First Circuit Court of Appeals); Lafauci v. Cunningham, 139 F. Supp. 2d 144, 146 (D. Mass. 2001)(Tauro, J.)(reviewing decisions of the courts of appeals for the Second, Seventh, and District of Columbia circuits). In Cunningham, the Court indicated that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns." Id. at 147.

In accordance with Cunningham, and in order to prevent any accounting problems presented, as well as to facilitate proper record-keeping both in this Court and in the Treasurer's Office at MCI Cedar Junction, it is hereby ORDERED that the filing fee owed to the District Court pursuant to this Order shall be paid consecutive to the payment of the filing fee assessed by Judge O'Toole in Gaskins v. U-Mass. Correctional Health Services, Civil Action No. 05-10858-GAO. In other words, any payments received by this District Court from MCI Cedar Junction, (or any prison which may later house Plaintiff Gaskins), shall first be applied to payment of the filing fee in Civil Action No. 05-10858-GAO. When and if payment of the filing fee in that case is received in full, then future payments shall be applied toward the filing fee in this action.

A copy of this Order shall be sent to the Treasurer's Office at MCI Cedar Junction and the Accounting Department of the Clerk's Office.

III.   Plaintiff's Motion for an Order for Service of Process by the United States Marshal (#10)

In view of this Court's prior grant of *in forma pauperis* status to the Plaintiff Gaskins, and the assessment of the filing fee, it is hereby Ordered that Plaintiff's Motion for an Order for Service of Process by the United States Marshal (#10) is allowed. It is Ordered that the Clerk shall issue summonses for each Defendant, and the United States Marshal serve a copy of the complaint, summons, and this Order as directed by the Plaintiff, with all costs of service to be advanced by the United States.

Notwithstanding the allowance of this motion or the allowance of *in forma pauperis* status, Plaintiff is advised that he is not entitled to free copies of his pleadings, and that he is responsible for effectuating timely service of process and providing the United States Marshal

with all necessary information and copies of the complaint for service.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED:

1. Plaintiff Tony B. Gaskins's Application to Proceed *in forma pauperis* previously has been allowed, and assessment of the initial partial filing fee owed by Gaskins pursuant to 28 U.S.C. §1915(b) is hereby made.  Plaintiff Gaskins is assessed an initial payment in the amount of $21.32 pursuant to 28 U.S.C. § 1915(b)(1).  The remainder of the fee ($228.68) is to be collected in accordance with 28 U.S.C. § 1915(b)(2);

2. The filing fee assessed herein is deferred, and the Accounting Department of the Clerk's Office, and MCI Cedar Junction or other prison having custody of Plaintiff Gaskins, shall not collect this filing fee until such time as the Plaintiff has paid the filing fee in connection with C.A. 05-10858-GAO;

3. Plaintiffs Louis Ayala and Derick Tyler are dismissed as Plaintiffs in this action, for failure to comply with this Court's directives contained in the Memorandum and Order dated April 13, 2005;

4. Plaintiff Gaskins's Motion for an Order directing service of process by the United States Marshal (#10) is allowed;

5. The Clerk shall issue summonses for each defendant, and the United States Marshal shall serve a copy of the complaint, summons, and this Order as directed by the Plaintiff, with all costs of service to be advanced by the United States.


Dated at Boston, Massachusetts, this 14th  day of June, 2005.


      /s/ Joseph L. Tauro
      JOSEPH L. TAURO
      UNITED STATES DISTRICT JUDGE