UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS


Tony B. Gaskins,

    Plaintiff,

v.                                  Civil Action
                                  No. 05-10630-JLT

David Nolan, et al.,

    Defendants.


**DECLARATION OF TONY B. GASKINS IN SUPPORT
OF HIS MOTION FOR TEMPORARY RESTRAINING
AND PRELIMINARY INJUNCTION**

    I, Tony B. Gaskins, declare under the penalty of
perjury, that:

    1. As set out in the complaint of contempt, on or
about 2/7/05 Deputy Superintendent,Lisa Mitchell removed
the photocopy machine from the Satellite Law Library
and had it placed in the Lieutenant's Office in the down-
stairs area of Ten Block.

    2. She ordered that prisoners doing legal research
can no longer make photocopies from the Ten Block photo-
copier, and that all copies requested must be mailed to
the Librarian Beverly Veglas, and that it was Mrs. Veglas'
"discretion" on "what" legal documents she will allow copied.

    3. The photocopier was placed in Ten Block pursuant
to a consent decree in Cepulonis v. Fair, 563 F.Supp. 659
(D. Mass. 1983), rev'd in part, Cepulonis v. Fair, 732
F.2d 1 (1st Cir. 1984).

-2-

4. When the defendants had it removed, they violated
103 CMR 478.09, where it says that "[a]ll libraries
should have typewriters, copying equipment, and audio-
visual equipment."  The defendants say the photocopier
is for officers use "only."

5. Due to the no access to a photocopier policy, has
really hindered my ability to effectively litigate my
pending civil and criminal cases.

6. The cases I have pending are Commonwealth v. Gaskins,
Essex Superior Court No. 91-CR-018642 (Borenstein, J);
Womack v. Gaskins, Supreme Judicial Court No. 05-09496;
Gaskins, et al. v. Allen, et al, Suffolk Superior Court
No. 04-CV-00883 and Appeals Court No. 05-J-0275; Gaskins, et al.
v. Dennehy, et al., No. 05-SUCV-0257-D; Gaskins v.
Dennehy, et al., No. 04-SUCV-00717-D; Gaskins v. UMass
Correctional Services, et al., U.S.D.C. No. 05-cv-10858-
GAO; Gaskins v. Nolan, et al., U.S.D.C. No. 05-cv-10630;
Gaskins, et al. v. Dennehy, et al., No. 05-MICV-01746, and
Foxworth, et al. v. Maloney, et al., No. 04-SUCV-00895.

7. I cannot effectively meet some filing deadlines
or requirements in a lot of these cases due to the barriers
constructed by the defendants. I haven't been hurt yet
by their actions, but its just a matter of time before
I will.

-3-

8. And just because I am not in Ten Block right now doesn't render the Ten Block complaint nor this injunction moot because the illegal conduct in this case is a "wrong capable of repetition, yet evading review." Ferreira v. Duval, 887 F.Supp. 374,382 (D.Mass. 1995)(internal citations omitted).

9. Moreover, in Gaskins, et al. v. Dennehy, et al., Suff. Sup. Ct. Civ. Act. No. 05-0257-D, I am challenging my placement in DDU and filed a TRO motion to be released from DDU. So its a good chance the defendants can place me back in Ten Block if I am ordered to be released from DDU.

10. And even if I was ordered released to General Population, due to my institutional history, I could be placed in Ten Block at "any" time.  This photocopying matter must be resolved now.

11. For the foregoing reasons, the Court should grant the Plaintiff's motion in all respects.

I declare under the penalty of perjury that the fore-going is true and correct.

Tony B. Gaskins, Pro se
MCI-Cedar Junction
P.O. Box 100
South Walpole, Ma. 02071

Dated: 7/5/05