# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM



#### FORWARD TO SUPERINTENDENT

| Name | GASKINS TONY | | | | Institution | MCI CEDAR JUNCTION | | |
|------|------|------|------|------|------|------|------|------|

| **Number** | W52145 | **Housing** | TEN BLOCK | **Appeal Date** | 19-FEB-2005 | **Date Of Grievance** | 15-FEB-2005 |
|------|------|------|------|------|------|------|------|

**Appeal Received Date** 23-FEB-2005

| **Appeal** | A "contempt complaint" will be filed in the federal court against: Beverly Veglas, Sherry Elliot, Lisa Mitchell and David Nolan for violating Cepulonis v. Fair, 563 F. Supp. 659 (1 & 3). |
|------|------|

| **Remedy Requested** | See 103 CMR 478.09. This matter will be once again resolved in court. |
|------|------|

| **Staff Recipient** | Aucoin Ann Marie CO I |
|------|------|

| **Signature** | |
|------|------|

### DECISION BY SUPERINTENDENT

| **Appeal Received Date** | 23-FEB-2005 | **Decision Date** | 04-MAR-2005 | **Decision** | DENIED |
|------|------|------|------|------|------|

| **Decision By** | Nolan David F SUPERINTENDENT |
|------|------|

| **Reasons** | I concur with the IGC. The MCI-CJ Library Procedure is in compliance with 103 CMR 478, Library Services. |
|------|------|

| **Signature** | | **Date** | 3-4-05 |
|------|------|------|------|

### INMATE RECEIPT

| **Inmate's Name** | GASKINS TONY | | **Institution** | MCI CEDAR JUNCTION |
|------|------|------|------|------|

| **Number** | W52145 | | **Appeal Received Date** | 23-FEB-2005 |
|------|------|------|------|------|

| **Staff Recipient** | Aucoin Ann Marie CO I |
|------|------|

| **Superintendent's Signature** | |
|------|------|

*Ex. A.*

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM



### FORWARD TO SUPERINTENDENT

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Name** | GASKINS TONY | | | **Institution** | MCI CEDAR JUNCTION | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Number** | W52145 | **Housing** | TEN BLOCK | **Appeal Date** | 19-FEB-2005 | **Date Of Grievance** | 15-FEB-2005 |

**Appeal Received Date** 23-FEB-2005

**Appeal**    A "contempt complaint" will be filed in the federal court against: Beverly Veglas, Sherry Elliot, Lisa Mitchell and David Nolan for violating Cepulonis v. Fair, 563 F. Supp. 659 (1 & 3).

**Remedy Requested**    See 103 CMR 478.09. This matter will be once again resolved in court.

**Staff Recipient**    Aucoin Ann Marie CO I

**Signature**

---

## DECISION BY SUPERINTENDENT

**Appeal Received Date**    23-FEB-2005    **Decision Date**      **Decision**

**Decision By**

**Reasons**

**Signature**      **Date**

---

## INMATE RECEIPT

**Inmate's Name**    GASKINS TONY      **Institution**   MCI CEDAR JUNCTION

**Number**    W52145      **Appeal Received Date**    23-FEB-2005

**Staff Recipient**    Aucoin Ann Marie CO I

**Superintendent's Signature**    David Nolan aon

ATTACHMENT "C"

**DEPARTMENT OF CORRECTION**
**INSTITUTION APPEAL FORM**
**FORWARD TO THE INSTITUTIONAL SUPERINTENDENT**

**SECTION A**

NAME: _Tony Gaskins_ INSTITUTION: _MCI-CJ_

NUMBER: _W52145_ HOUSING UNIT: _L2A_ DATE OF INCIDENT: _3/18/05_

APPEAL: _A "contempt complaint" will be filed in the_

_federal Court against: Beverly Veglas, Sherry Elliott,_

_Lin Mitchell and David Nolan for violating Cepulonis v._
(ATTACH ADDITIONAL PAGE IF NECESSARY) _Fair, 563 F.Supp. 659 (1983)._

**REMEDY**
REQUESTED: _See 103 CMR 478.09. This matter will be once_
_again resolved in court._

INMATE SIGNATURE: _Tony Gaskins_ DATE: _3/19/05_

STAFF RECIPIENT: _____ DATE: _____

DATE RECEIVED: _____

---

**SECTION B**

ASSIGNED GRIEVANCE NUMBER: _____

ASSIGNED INSTITUTION APPEAL NUMBER: _____

DECISION RENDERED:         _____ APPROVED
                           _____ DENIED

SUMMARY OF FINDINGS:

_____
_____
_____
_____

SUPERINTENDENT'S
SIGNATURE: _____ DATE: _____

**SECTION C**

**INMATE APPEAL RECEIPT**

INMATE NAME: _____ INSTITUTION: _____

NUMBER: _____ DATE RECEIVED: _____

RECEIPTING STAFF: _____ TITLE: _____

01/05/01                                          491 - 14

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

#### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | | |
|---|---|---|---|---|---|
| **Name** | GASKINS TONY | **Grievance#** 8592 | **Institution** MCI CEDAR JUNCTION | | |
| **Commit No.** | W52145 | **Housing** TEN BLOCK | **Date Of Incident** 20050215 | **Date Of Grievance** 20050215 |

**Complaint** Beverly Veglas told the guards in Ten block that they can no longer make copies of cases from the law books in the satellite law library. Her actions are in violation of Cepulonis V Fair, 563 f.Supp.659 (D.Mass.1983) The photocopier is in ten block for the inmates use to copy whatever legal material is needed, "Books" or "legal documents". It doesn't matter. She can't nor this administration disregard the Federal Court's order in Cepulonis.

**Remedy Requested** If this illegal practice continues, a contempt complaint will be filed against David Nolan, Lisa Mitchell, Beverly Veglas and Sherry Elliott seeking damages.

**Staff Recipient** Aucoin Ann Marie    CO I

**Staff Involved**

**Signature**

---

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050216    **Decision Date** 20050218

**Signature** Barrett Patrick M  CO I

**Final Decision** DENIED

**Decision** In accordance with 103 CMR 478- Library Services you are required to completely fill out the Department of Correction Legal Photocopying Request Form and submit the request to the main library for processing.  All photocopying shall be done with the approval and direct supervision of the Librarian.

**Signature**                                      **Date** 2/18/05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

### INMATE RECEIPT

| | | | | |
|---|---|---|---|---|
| **Name** | GASKINS TONY | | **Institution** MCI CEDAR JUNCTION | |
| **Commit No.** | W52145 | **Grievance#** 8592 | **Date Received** 20050216 |

**Signature.** Aucoin Ann Marie    CO I

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

#8469

| Name | AYALA LUIS | | | Institution | MCI CEDAR JUNCTION | | |
|------|-----------|--|--|-------------|-------------------|--|--|
| **Number** | W52425 | **Housing** | TEN BLOCK | **Appeal Date** | 15-FEB-2005 | **Date Of Grievance** | 11-FEB-2005 |
| | | | | **Appeal Received Date** | 17-FEB-2005 | | |

**Appeal**  Cepulonis v. Fair, 563 F. Supp. 659 (D. Mass. 1983) establishes the photocopier in Ten Block and no Librarian or Administration has the right to deny me photocopies in Ten Block.

**Remedy Requested**  If this illegal practice continues, a contempt order from the Federal Court will be sought and monetary damages. See 103 CMR 478.09.

**Staff Recipient**  Aucoin Ann Marie  CO I

**Signature**

---

## DECISION BY SUPERINTENDENT

**Appeal Received Date**   17-FEB-2005   **Decision Date**   25-FEB-2005   **Decision**   DENIED

**Decision By**   Nolan David F  SUPERINTENDENT

**Reasons**  I concur with the IGC. In accordance with 103 CMR 478, Library Services, photocopy requests are processed under the direct supervision of the Librarian.

**Signature**   _(signature)_   **Date**   2/25/05

---

## INMATE RECEIPT

**Inmate's Name**  AYALA LUIS                **Institution**  MCI CEDAR JUNCTION

**Number**  W52425                **Appeal Received Date**  17-FEB-2005

**Staff Recipient**  Aucoin Ann Marie  CO I

**Superintendent's Signature**

$Ex. B.$

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

#3469

| | | | | | | |
|---|---|---|---|---|---|---|
| **Name** | AYALA LUIS | | | **Institution** | MCI CEDAR JUNCTION | |
| **Number** | W52425 | **Housing** | TEN BLOCK | **Appeal Date** | 15-FEB-2005 | **Date Of Grievance** 11-FEB-2005 |
| | | | | **Appeal Received Date** | 17-FEB-2005 | |

**Appeal** Cepulonis v. Fair, 563 F. Supp. 659 (D. Mass. 1983) establishes the photocopier in Ten Block and no Librarian or Administration has the right to deny me photocopies in Ten Block.

**Remedy Requested** If this illegal practice continues, a contempt order from the Federal Court will be sought and monetary damages. See 103 CMR 478.09.

**Staff Recipient** Aucoin Ann Marie CO I

**Signature**

## DECISION BY SUPERINTENDENT

**Appeal Received Date** 17-FEB-2005    **Decision Date** 2/24/05    **Decision** Denied

**Decision By**

**Reasons** adherence to 103 cmr 478 library services

**Signature** Mac Attalus    **Date** 2/24/05
AGT SUPT

## INMATE RECEIPT

| | | | | |
|---|---|---|---|---|
| **Inmate's Name** | AYALA LUIS | | **Institution** | MCI CEDAR JUNCTION |
| **Number** | W52425 | | **Appeal Received Date** | 17-FEB-2005 |
| **Staff Recipient** | Aucoin Ann Marie CO I | | | |
| **Superintendent's Signature** | | | | |

ATTACHMENT "C"

## DEPARTMENT OF CORRECTION
## INSTITUTION APPEAL FORM
### FORWARD TO THE INSTITUTIONAL SUPERINTENDENT

**SECTION A**

NAME: _LUIS AYALA_ INSTITUTION: _MCI-CJ_

NUMBER: _W52425_ HOUSING UNIT: _TEN BLOCK_ DATE OF INCIDENT: _2/15/05_

APPEAL: _CEPULUNNE V. FAIR, 543 F.SUPP. 659 (D.MASS. 1983)_

_ESTABLISHES THE PHOTOCOPIER IN TEN BLOCK AND NO LIBRARIAN_

_OR ADMINISTRATION HAS THE RIGHT TO DENY ME PHOTO COPIES IN_
(ATTACH ADDITIONAL PAGE IF NECESSARY) _TEN BLOCK._

**REMEDY**
REQUESTED: _IF THIS ILLEGAL PRACTICE CONTINUES, A CONTEMPT_
_ORDER FROM THE FEDERAL COURT WILL BE SOUGHT AND_
_MONETARY DAMAGES. See 103 CMR 478.09._

INMATE SIGNATURE: _Luis Ayala_ _W-52425_ DATE: _2/15/05_

STAFF RECIPIENT:_____ DATE:_____

DATE RECEIVED:_____

------------------------------------------------------------------------

**SECTION B**

ASSIGNED GRIEVANCE NUMBER:_____

ASSIGNED INSTITUTION APPEAL NUMBER:_____

DECISION RENDERED:        ____APPROVED
                          ____DENIED

SUMMARY OF FINDINGS:

_____
_____
_____
_____
_____

SUPERINTENDENT'S
SIGNATURE:_____ DATE:_____

**SECTION C**
### INMATE APPEAL RECEIPT

INMATE NAME:_____ INSTITUTION:_____

NUMBER:_____ DATE RECEIVED:_____

RECEIPTING STAFF:_____ TITLE:_____

01/05/01                                                    491 - 14

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | |
|---|---|---|---|---|
| **Name** | AYALA LUIS | **Grievance#** 8469 | **Institution** MCI CEDAR JUNCTION | |
| **Commit No.** | W52425 | **Housing** TEN BLOCK | **Date Of Incident** 20050210 | **Date Of Grievance** 20050211 |

**Complaint** WWSU law library is under the Sepulonis court order yet we are being denied "photocopies" and being told we must submit to the main library for copies. This administration is in contempt of the court order.

**Remedy Requested** Decease this practice and obey the court order and allow photocopies.

**Staff Recipient** Aucoin Ann Marie   CO I

**Staff Involved**

**Signature**

---

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050211   **Decision Date** 20050214

**Signature** Barrett Patrick M  CO I

**Final Decision** DENIED

**Decision** In accordance with 103 CMR 478- Library Services you are required to completely fill out the Department of Correction Legal Photocopying Request Form and submit the request to the main library for processing.  All photocopying shall be done with the approval and direct supervision of the Librarian.

**Signature**                                    **Date**  2/14/05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

### INMATE RECEIPT

| | | | | |
|---|---|---|---|---|
| **Name** | AYALA LUIS | | **Institution** MCI CEDAR JUNCTION | |
| **Commit No.** | W52425 | **Grievance#** 8469 | **Date Received** 20050211 | |

**Signature.** Aucoin Ann Marie   CO I



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*

*Department of Correction*
*Office of the Assistant Deputy Commissioner*



**Mitt Romney**
*Governor*

**Kerry Healey**
*Lieutenant Governor*

**Edward A. Flynn**
*Secretary*

*One Industries Drive, Bldg. A*
*P.O. Box 188*
*Norfolk, MA 02056*
*(508) 850-7732/7733  Fax  (508) 850-1027*
*www.mass.gov/doc*

**Kathleen M. Dennehy**
*Commissioner*

**James R. Bender**
*Deputy Commissioner*

**Timothy Hall**
*Assistant Deputy*
*Commissioner*

February 23, 2005

Tony Gaskins, W52145
MCI-Cedar Junction
P.O. Box 100
South Walpole, MA 02071

Dear Mr. Gaskins:

Your February 10, 2005 correspondence addressed to Commissioner Dennehy stating you are being denied photocopies of legal materials by Ten Block Officers at MCI-Cedar Junction has been referred to me for reply.

The court order you quote, Cepulonis v Fair 1983 (563 F. Supp 659), regarding the establishment of the satellite library for Ten Block inmates is quite clear in that any law material found in the satellite Law Library collection need not be copied. Furthermore, the court decision does not state that Ten Block inmates must be provided their own photocopying equipment. As has been past practice, you may request from the main Law Library photocopies of law materials found within the law collection and unavailable in the satellite Law Library.

Furthermore, you are entitled to have your original legal material photocopied by the main Law Library in accordance with the recently updated Library Services Policy, 103 CMR 478, by completing and submitting to the main Law Library 103 CMR 478 Attachment C and MCI-Cedar Junction Attachment E. In accordance with 103 CMR 478, only the Librarian or his/her designee is authorized to determine what constitutes "an original legal document" for photocopying. Correction Officers are not considered Librarian designees to process original, legal photocopying tasks.

With respect to your time-sensitive legal documents, you must show an official court deadline and attach proof of it upon submitting Attachment C to the main Law Library. Please make every effort to submit your requests within a reasonable timeframe in order for it to be approved, copied, and returned to you prior to the court deadline.

In conclusion, please be advised that no Law Library photocopying will be done in Ten Block in accordance with the Law Library Services Policy, 103 CMR 478, and MCI-Cedar Junction Procedure, as the Librarian or her designee must approve the process. I encourage you to follow the Code of Massachusetts Regulation (103 CMR 478, Library Services) with respect to your legal photocopying concerns and access to the courts.

Sincerely,

Timothy Hall
Assistant Deputy Commissioner

$Ex. C$

cc: Kathleen M. Dennehy, Commissioner
David Nolan, Superintendent, MCI CJ
Inmate File
File

103 CMR 478.00  Attachment C

MCI-CJ
RECEIVED
JUN 0 8 2005
LIBRARY

## DEPARTMENT OF CORRECTION
## LEGAL PHOTOCOPYING REQUEST FORM

This form must be completely filled out if you are requesting legal photocopying. The Librarian will only copy original documents.

Date: 6/8/05

Name: Tony Gaskins

Inmate Number: W52145

Institution: MCI-CJ

Housing Unit: DDU/C9 A#8        32

Number of pages of document to be copied: 80

Number of copies: 1

COMPLETED
JUN 14 2005
JUN 10 2005
By MCI-CJ Law Library
By MCI-CJ Law Library

Cite the legal rule or Court Order or provide reason for the number of copies requested: Co-plaintiffs & Defendants to be served a copy

If there is a Court deadline, you must write it here: _____ and attach proof.

Please inform the Librarian if there is anything else s/he needs to know in order to process this request: _____

Attach the document to be copied to this Legal Photocopying Request Form.

For Librarian use only:

Approved: _____

Denied: _____
Reason for denial:
_____ Not original legal document
_____ Failure to cite legal rule or Court Order
_____ Other

Date received: 6-8-05        Date completed: _____
Total number of pages: 32 x 1

Upon the issuence of a docket # you will recieve the proper amount of copies. At this time you will recieve 1 copy for your file, original to court.

103 CMR 478.00   Attachment C

DEPARTMENT OF CORRECTION
LEGAL PHOTOCOPYING REQUEST FORM

This form must be completely filled out if you are requesting legal photocopying. The Librarian will only copy original documents.

COMPLETED

MAY 18 2005

MCI-CJ Law Library

MCI-CJ
RECEIVED
MAY 17 2005
LIBRARY

Date: _5/12/05_

Name: _TONY GASKINS_

Inmate Number: _W52145_ _3y_

Institution: _MCI-CJ_

Housing Unit: _DORM/C2 #148_

Number of pages of document to be copied: _15_

.Number of copies: _2_

Cite the legal rule or Court Order or provide  reason for the number of copies requested: _N/A_
_____

If there is a Court deadline, you must write it here: _____N/A_____ and attach proof.

Please inform the Librarian if there is anything else s/he needs to know in order to process this request:

_____

Attach the document to be copied to this Legal Photocopying Request Form.

_____

For Librarian use only:

Approved:_____          Denied:_____
                                   Reason for denial:
                                   _____ Not original legal document
                                   _____ Failure to cite legal rule or Court Order
                                   _____ Other:_____

Date received: _____     Date completed:_____
Total number of pages: _____

EX. E

*Received 6/27/05*

103 CMR 478.00  Attachment C

## DEPARTMENT OF CORRECTION
### LEGAL PHOTOCOPYING REQUEST FORM

This form must be completely filled out if you are requesting legal photocopying. The Librarian will only copy original documents.

Date: _6/15/05_

Name: _TONY GASKINS_

Inmate Number: _W53145_

Institution: _MM-CJ_

Housing Unit: _DDU/C3 #143_

Number of pages of document to be copied: _over 30 pages_ *53*

Number of copies: _1_

*Please staple one only!*
*Thank you.*

MCI-CJ
RECEIVED
JUN 17 2005
LIBRARY

Cite the legal rule or Court Order or provide reason for the number of copies requested:_____

If there is a Court deadline, you must write it here: _____ and attach proof.

Please inform the Librarian if there is anything else s/he needs to know in order to process this request:

_____

Attach the document to be copied to this Legal Photocopying Request Form.

_____

For Librarian use only:

Approved_____

Denied:_____
Reason for denial:
_____ Not original legal document
_____ Failure to cite legal rule or Court Order
_____ Other:_____

Date received: _6/17/05_
Total number of pages: _53 × 1_

Date completed:_____

COMPLETED

JUN 17 2005

MCI-CJ Law Library

*EX. F*

*submitted on 6/5/05*

## Attachment F

*MCI-CJ RECEIVED JUN 0 8 2005 LIBRARY*

## Massachusetts Correctional Institution
## Cedar Junction

**COMPLETED**

## Legal Research Request Form
## TO MAIN LAW LIBRARY
## (For Inmates in DDU)

JUN 1 5 2005

By _____
MCI-C.I Law Library

*CM, 6-7-05*

### (Please Print Plainly)

Name: _Tony Gaskins_  ID# _W53145_  DDU Unit _C2_  Cell _143_

**(Requests may include Case Law, Statutes, Access to CMR/DOC Policies, Legal Addresses, Legal Forms)**

**Case Law – Request by: Citation (794 NE2d 586); Name: Lyons v School Comm.; or Point of Law: (Arbitration or West Key #). Statues - Ma and US Code Chapter or title and section. CMR or Policy Access through CPO. Legal forms if available in the main library. (Forms issued solely by the courts will not be available in the library.)**

If you don't know exactly what you are researching, give some key words and areas to search. List your requests below.

* X McGuinness v. Dubois, 891 F.Supp. 25
*** McGuinness v. Dubois, 86 F.3d 1146 (1995) NOT PUBLISHED OPINION
* X Ferreira v. Duval, 887 F.Supp. 374 (1995)
* X Todd v. Comm'r, 54 Mass. App. Ct. 31 (2002)
* X Cacicio v. Secr., 665 NE2d 85 (1996)
* X Marrero v. Fair, 752 F.Supp. 48 (1995)
* X Pelera v. Comm'r, 753 N.E.2d 814 (2001)
* Blake v. Berman, 877 F.2d 145 (1989)
* X March v. Moore, 325 F.Supp. 292 (1971)
* X Nolan v. Scafati, 430 F.2d 548 (1970)
* X Tyree v. Fitzpatrick, 325 F.Supp. 554; 445 F.2d 627
* X Nadeau v. Fitzpatrick, 322 F.Supp. 878 (1971)
* X Torres v. Comm'r, 427 Mass. 611 (1998)

EX. G



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*

*Department of Correction*
*Office of the Assistant Deputy Commissioner*



**Mitt Romney**
*Governor*

**Kerry Healey**
*Lieutenant Governor*

**Edward A. Flynn**
*Secretary*

*One Industries Drive, Bldg. A*
*P.O. Box 188*
*Norfolk, MA 02056*
*(508) 850-7732/7733   Fax (508) 850-1027*
*www.mass.gov/doc*

**Kathleen M. Dennehy**
*Commissioner*

**James R. Bender**
*Deputy Commissioner*

**Timothy Hall**
*Assistant Deputy*
*Commissioner*

March 22, 2005

Tony Gaskins, W52145
MCI-Cedar Junction
P.O. Box 100
South Walpole, MA 02071

Dear Mr. Gaskins:

Your February 26, 2005 correspondence addressed to Commissioner Dennehy concerning the removal of the photocopier from the satellite law library in Ten Block at MCI-Cedar Junction has been referred to me for reply.

Please be advised that this issue was addressed in my February 23, 2005 letter addressed to you that was also referred to me by the Commissioner. The procedures and policies that are currently in place will continue to be adhered to. I have attached a copy of my February 23, 2005 response, in the event that you did not receive the original one.

Sincerely,

Timothy Hall (Kim)

Timothy Hall
Assistant Deputy Commissioner

cc: Kathleen M. Dennehy, Commissioner
   David Nolan, Superintendent, MCI-CJ
   Inmate File
   File

*Ex. H*

Printed on Recycled Paper

10007

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
#### FORWARD TO SUPERINTENDENT

| | | | | | | |
|---|---|---|---|---|---|---|
| **Name** | GASKINS TONY | | | **Institution** | MCI CEDAR JUNCTION | |
| **Number** | W52145 | **Housing** | DDU | **Appeal Date** | 01-JUN-2005 | **Date Of Grievance** 21-APR-2005 |
| | | | | **Appeal Received Date** | 06-JUN-2005 | |

**Appeal**

What she is doing is denying me the right to photocopy legal documents in general which is a violation of my constitutional rights.

**Remedy Requested**

I don't expect anything from this appeal. So take it as a matter of bring put on notice.

**Staff Recipient**

Sullivan Daniel  CO II

**Signature**

---

## DECISION BY SUPERINTENDENT

**Appeal Received Date**    06-JUN-2005    **Decision Date**    **Decision**

**Decision By**

**Reasons**

**Signature**    **Date**

---

## INMATE RECEIPT

**Inmate's Name**  GASKINS TONY    **Institution**  MCI CEDAR JUNCTION

**Number**  W52145    **Appeal Received Date**    06-JUN-2005

**Staff Recipient**  Sullivan Daniel  CO II

**Superintendent's Signature**  David Nolan

EX. I

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | |
|---|---|---|---|---|
| **Name** | GASKINS TONY | **Grievance#** 10007 | **Institution** MCI CEDAR JUNCTION | |
| **Commit No.** | W52145 | **Housing** DEPARTMENT DISCIPLINARY UNIT | **Date Of Incident** 20050421 | **Date Of Grievance** 20050421 |

**Complaint** I sent away for a copy of my G.L.C. 211 ?3 petition and my request was denied. This is a violation of my right to access to the courts and to make "legal: photocopies.

**Remedy Requested** This practice is illegal and I will sue the librarian and this administration in federal court.

**Staff Recipient** Sullivan Daniel   CO II

**Staff Involved**

**Signature**

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050426     **Decision Date**

**Signature**

**Final Decision**

**Decision**

**Signature**                                    **Date**

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

## INMATE RECEIPT

| | | | | |
|---|---|---|---|---|
| **Name** | GASKINS TONY | | **Institution** MCI CEDAR JUNCTION | |
| **Commit No.** | W52145 | **Grievance#** 10007 | **Date Received** 20050426 | |

**Signature.** Sullivan Daniel   CO II

*Ex. J*

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Tony B. Gaskins,

    Plaintiff,

v.                                  Civil Action
                                    No. 05-10630-JLT

David Nolan, et al.,

    Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A TRO AND PRELIMINARY INJUNCTION

### INTRODUCTION

This is a civil rights action brought under 42 U.S.C.
§ 1983 for defendants being in "contempt" of Cepulonis v.
Fair, 563 F.Supp. 659 (D.Mass. 1983), rev'd in part,
Cepulonis v. Fair, 732 F.2d 1 (1st Cir. 1984), where the
defendants have teaken the photocopier from the Ten Block
Satellite Law Library -- denying plaintiff, and others
similarly situated, "adequate" access to properly research
and litigate their respective case(s). This action by
defendants has seriously hindered plaintiff, and others
similarly situated, ability to properly research their
case(s) because "all" copies so sought must be obtained
through the "main library" and are restricted to "original"
legal documents. See Exhibit "C" attached herein.

The Plaintiff seek a Temporary Restraining Order and
a Preliminary Injunction compelling defendants to return



the photocopier to the Satellite Law Library in Ten Block,
and that all legal documents original or not must be
photocopied for requesting prisoner as needed.

## STATEMENT OF THE FACTS

As stated in the Declaration submitted with this
motion, the defendants on or about 2/7/05 removed the
photocopy machine from the satellite law library and had
it placed in the Lieutenant's Office [located] in the
downstairs area of Ten Block. Decl. at ¶1. [Deputy Mitchell]
ordered that prisoners doing legal research can no longer
make photocopies from the Ten Block photocopier, and that
all copies requested must be mailed to the librarian
Beverly Veglas, and that it was Mrs. Veglas' "discretion"
on "what" legal documents she will allow copied. Decl.
at ¶2.

The photocopier was placed in Ten Block pursuant to
a consent decree in Cepulonis v. Fair, 563 F.Supp. 659
(D.Mass. 1983). Decl. at ¶3. When the defendants had it
removed, they violated 103 CMR 478.09, where it says
that "[a]ll libraries should have typewriters, copying
equipment, and audio-visual equipment." The defendants
say the photocopier is for officers use "only." Decl.
at ¶4.

## ARGUMENTS

### Point I

### THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

In determining whether a party is entitled to a Temporary Restraining Order or a Preliminary Injunction, courts generally consider several factors: 1) whether the party will suffer irreparable injury, 2) the "balance of hard-ships" between the parties, 3) the likelihood of success on the merits, and 4) the public interests.  Each of these factors favors the grant of this motion.

### A. The Plaintiff Is Threatened With Irreparable Harm.

### I. THE DEFENDANTS REMOVAL OF THE PHOTOCOPIER FOR USE BY PLAINTIFF FROM THE TEN BLOCK SATELLITE LAW LIBRARY SUBJECTED HIM TO IRREPARABLE INJURY

On or about February 4, 2005, prison staff told plaintiff that Beverly Veglas and Lisa Mitchell called Ten Block and told them "not" to make "any" [legal] copies for the plaintiff, and others similarly situated, and that all Ten Block convicts must send any requested copy materials to the "main library" for copies. Comp. at ¶9.  The reason for this occurrence is because Mrs. Veglas complained to Lisa Mitchell that "tto much" toner for the Ten Block copier is being used and she sought permission through Sherry Elliott and lisa Mitchell to discontinue the use of the Satellite Law Library copier, and for all copies

to come through her [Mrs. Veglas] at her "discretion."
And all responses to the grievances filed says its the
librarian's discretion.  This is unconstitutional.
Comp. at ¶19. See Exhibits A-C attached herein.

This gives the defendants the ability to "screen"
every legal document submitted for copying and to determine
what or what not to allow.[1] There is no valid prison
interest in screening and controlling the content of
court papers sufficiently compelling so as to limit a
prisoner's constitutional right to free and unfettered
access to the courts. See Meola v. Fitzpatrick, 322 F.Supp.
878,885 (1st Cir. 1971).

The plaintiff's cases as pending are as follows:
Commonwealth  v. Gaskins, Essex Superior Court No. 91-
CR-018642 (Borenstein, J.); Womack v. Gaskins, Supreme
Judicial Court No. 05-09496 (Fifth Amendment question);
Gaskins, et al. v. Allen, et al., No. 04-SUCV-00883-D
and Appeals Court No. 05-J-0275; Gaskins, et al. v.
Dennehy, et al., No. 05-SUCV-0257-D; Gaskins, et al. v.
Dennehy, et al., No. 05-MICV-01746-K; Gaskins v. Dennehy, et al.
No. 04-SUCV-00717-D; Gaskins v. UMass Correctional Health

---

1/ If the defendants receive a complaint against them
to be photocopied, they can claim that it was never
received by the librarian.  Cepulonis sought to protect
against such potential arbitrary actions. See Cepulonis
v. Fair, 732 F.2d 1,4 (1st Cir. 1984)("While the provision
of photocopies may ameliorate restrictions on library
access, the evidence here suggested that the system for
obtaining copies was haphazard").

Services, et al., U.S.D.C. No. 05-cv-10858-GAO; Gaskins

v. Nolan,et al., U.S.D.C. No. 05-cv-10630-JLT;

Gaskins, et al. v. Dennehy, et al., U.S.D.C. No. 05-

cv-11230-JLT, and Foxworth, et al. v. Maloney, et al.,

No. 04-SUCV-00895, in which he will suffer irreparable

injury if the photocopier is not returned to the Ten

Block Satellite Law Library and he has to continue to

request "restricted" copies from the main library.

"Photocopying is a reasonable means of providing the

necessary copies." Gluth v. Kangas, 951 F.2d 1504,1510

(9th Cir. 1991)(citation omitted). In this case, the

"necessary" copies are being denied by the defendants.

## B. The balance of hardships favors the plaintiff.

In deciding whether to grant TRO's and Preliminary

Injunctions, courts ask whether the suffering of the moving

party if the motion is denied will outweigh the suffering

of the non-moving party if the motion is granted. See,

e.g., Mitchell v. Cuomo, 748 F.2d 804,808 (2d Cir. 1984)

(holding that dangers posed by prison crowding outweighed

state's financial and administrative concerns); Duran v.

Anaya, 642 F.Supp. 510,527 (D.N.M. 1986)(holding that pri-

soner's interest in safety and medical care outweighed

state's interest in saving money by cutting staff).

In this case, the present and future sufferings of

the plaintiff will be enormous.  Because if the plaintiff
returns to Ten Block with the pending cases as outlined
infra at pp. 4-5, he will suffer great and significant
hardships  in not being able to effectively prosecute and
litigate said cases.  Whereas, on the other hand, the
defendants hardship amounts to no more than business
as usual.

## C. The Plaintiff is likely to succeed on the merits.

Prisoners must be allowed access to the courts in order
to redress their grievances; prison officials must not
unreasonably deny or obstruct this access to the courts.
Marsh v. Moore, 325 F.Supp. 392,394 (D.Mass. 1971).
"Regulations and practices that unjustifiably obstruct the
availability of professional representation or other aspects
of the right of access to the court are invalid." Gluth
v. Kangas, 951 F.2d 1504,1508 (9th Cir. 1991)(citations
omitted).

The plaintiff here has a very strong chance to suc-
ceed on the merits of his claims.  The length of time
it takes for the plaintiff to receive copies from the
main library is unjustifiable and unexcusable.  For example,
in Exhibit "D" attached the plaintiff submitted his re-
quest for copies on 6/8/05, the copies were completed
on June 14, 2005, but the librarian would not make the
numbered requested copies (20) because she said she will

not make the copies unless the plaintiff submit to her
a docket number. So the plaintiff was unable to serve
any of his co-plaintiffs with copies because of her actions,
which took her six days to provide the (1) copy she chose
to make of her own "discretion."

    In Exhibit "E" attached, the plaintiff made a request
on 6/12/05 and it was not completed until 6/18/05.  In
Exhibit "F" attached, the plaintiff submitted a request
for copies on 6/15/05, it was marked "completed" on
6/17/05, but the plaintiff did not receive the copy until
6/27/05.  In Exhibit "G" attached, the plaintiff submitted
his request on 6/5/05, the copies was completed on
6/15/05, ten days after submission.

    The defendants actions here is a form of censorship
with requested copies of legal documents and "[p]rison
censorship of a plaintiff's correspondence thus restrains
plaintiff's rights to free speech and to access to the
courts for redress of grievances." Marsh v. Moore, 325
F.Supp. 392,394 (D.Mass. 1971).  Moreover, the defendants
have set up an "exact cite" system based on making the
written request to the main library without truly knowing
in advance what he is actually looking for in materials.
And the Cepulonis court stated, "It is unrealistic to
expect a prisoner to know in adavnce exactly what materials
he needs to consult." (Quoting Judge Haynesworth in

Williams v. Leeke, 584 F.2d 1336,1339 (4th Cir. 1978).

### D. The relief sought will serve the public interest.

In this case, the grant of relief will serve the public
interest because it is always in the public interest for
prison officials to obey the law. Duran v. Anaya, 642
F.Supp. 510,527 (D.N.M. 1986)("Respect for law, particu-
larly by officials responsible for the administration
of the state's correctional system, is in itself a matter
of the highest public interest"). See also Lelewelyn
v. Oakland County Prosecutor's Office, 402 F.Supp. 1379,
1393 (E.D.Mich. 1975)("the Constitution is the ultimate
expression of the public interest").

### Point II.

### THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY

Usually a litigant who obtains interim injunctive
relief is asked to post security. Rule 65(c), Fed. R.
Civ. P. However, the plaintiff is an indigent prisoner
and is unable to post security. The court has discretion
to excuse an impoverished litigant from posting security.
Orantes-Hernandez v. Smith, 541 F.Supp. 112,140 (D.Ga.
1976), rev'd on other grounds, 442 U.S. 584 (1979).
In view of the serious disregard of the law by the defendants,
the court should grant the relief requested without re-

-9-

quiring the posting of security.

## CONCLUSION

For the foregoing reasons, the court should grant the motion in its entirety.

Respectfully Submitted,

Tony B. Gaskins, pro se
MCI-Cedar Junction
P.O. Box 100
South Walpole, Ma. 02071

Dated: 7/5/05

## CERTIFICATE OF SERVICE

I, Tony B. Gaskins, certify that I caused a true copy of the "Motion for TRO and A Preliminary Injunction," to be served on each defendant at the same time the Marshal made service on each defendant with the complaint. This package was included in the complaint package as served on each defendant by the U.S. Marshal.

Dated: 7/5/05

Tony B. Gaskins, Pro se