```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

TONY B. GASKINS,                         Civ. No. 05-10630-JLT

    Plaintiff,

    v.

DAVID NOLAN, et al,

    Defendants.

<u>MEMORANDUM OF LAW IN SUPPORT OF THE
DEFENDANTS' MOTION TO DISMISS</u>

The defendants submit this memorandum of law in support of their motion to dismiss.[1]

<u>INTRODUCTION</u>

The plaintiff, Tony B. Gaskins ("Gaskins"), is a state prisoner in the custody of the Massachusetts Department of Correction ("DOC"). He is serving a life sentence for first degree murder. *See* <u>Commonwealth v. Gaskins</u>, 419 Mass. 809, 647 N.E.2d 429 (1995). The defendants named in the complaint are state officials employed by the DOC.[2]

---

[1] The defendants also rely on this memorandum in opposition to the plaintiff's motion for a temporary restraining order and for a preliminary injunction (P#14). This Court may consolidate the hearing on the application for a preliminary injunction with the trial on the merits or, in this case, with the hearing on the defendants' dispositive motion. *See* Fed. R. Civ. P. 65(a)(2).

[2] David Nolan is the superintendent of MCI-Cedar Junction; Lisa Mitchell is the deputy superintendent; Sherry Elliott is the director of treatment; and Beverly Veglas is the librarian.

2

Gaskins and two other prisoners filed a "Contempt Complaint" on March 29, 2005.[3] Gaskins claims that the defendants are violating Judge Rya Zobel's order in the case of Cepulonis v. Fair, 563 F.Supp. 659 (D. Mass. 1983), aff'd in part, 732 F.2d 1 (1st Cir. 1984). Gaskins seeks declaratory and injunctive relief, together with monetary damages under 42 U.S.C. § 1983.

For the reasons that follow, the complaint should be dismissed because it fails to state a claim upon which relief can be granted.

## STATEMENT OF FACTS

Gaskins alleges that on or about February 4, 2005, he was informed that prison staff in "10 Block" would no longer be providing inmates with photocopies of their legal materials. (Complaint, ¶ 8) Gaskins learned that Veglas and Mitchell had told staff that the "10 Block" inmates would thereafter have to send their photocopy requests to the main library. (Complaint, ¶ 9) Elliott approved this directive. (Complaint, ¶ 10) Pursuant to Mitchell's order, the photocopier was removed from the "10 Block" library on February 25, 2005. (Complaint, ¶ 12) Gaskins grieved this action, but Nolan denied his grievance. (Complaint, ¶ 13)

Gaskins has pending legal matters that sometimes require "immediate filings." (Complaint, ¶ 15) Since the "10 Block" library is a "satellite library," and it is not big enough to store all of the required law books, inmates are allowed to request from the main library photocopies of cases that are not available in "10

---

[3] The other plaintiffs, Derrick Tyler and Luis Ayala, were dismissed from the

3

Block." (Complaint, ¶ 18) Prison officials discontinued the use of the photocopier in "10 Block" as a cost-saving measure, since the machine was using too much toner. (Complaint, ¶ 19)

ARGUMENT

1. The Standard of Review

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Rodi v. S. New Eng. Sch. Of Law, 389 F.3d 5, 9 (1st Cir. 2004); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). The court may dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

2. The Defendants are not in Contempt of the Cepulonis Decision.

Gaskins asserts that the defendants violated a court order when they removed the photocopier from the "10 Block" law library. The "satellite" library was established for prisoners confined in that particular cellblock at MCI-Cedar Junction. *See* Cepulonis v. Fair, 563 F.Supp. 659 (D. Mass. 1983), aff'd in part, 732 F.2d 1 (1st Cir. 1984). Gaskins claims that Judge Zobel ordered that the satellite library must contain a photocopier and that the defendants are in contempt of her order.

Nothing in the court's ruling required prison officials to

---

case pursuant to this Court's order entered on June 15, 2005. (P#11)

4

maintain a photocopier in the "10 Block" library. Judge Zobel ordered, *inter alia*, prison officials to:

> 4. Continue to allow Block 10 inmates to request from the main law library at MCI Walpole materials unavailable in the satellite law library and/or Xerox copies of those materials.

563 F.Supp. at 660.

This is precisely what the defendants are doing since, according to Gaskins, "all copies so sought must be obtained through the main library." (Complaint, p. 1 "Introduction")

Moreover, to the extent that Gaskins seeks enforcement of the Cepulonis order, such relief is unavailable in an individual action under 42 U.S.C. § 1983. Martel v. Fridovich, 14 F.3d 1, 3 n.4 (1st Cir. 1993) ("The appropriate vehicle for enforcement of the consent decree is an action for contempt brought before the court responsible for the decree.")[4]

3. The Plaintiff Fails to State a Claim for Denial of Access to the Courts.

Gaskins asserts that the defendants are interfering with his access to the courts. However, he has failed to demonstrate that he was prejudiced or suffered any injury from the alleged inadequate legal access. He must show an "actual injury" as an element of his claim. Lewis v. Casey, 116 S.Ct. 2174, 2180-82 (1996).

---

[4] Therefore, to the extent that Gaskins claims that the "10 Block" library hours were reduced from 56 to 42 hours per week, (Complaint, ¶ 23), he must pursue his claim through contempt proceedings in the Cepulonis litigation.

5

Gaskins has filed a "declaration" dated July 5, 2005, in support of his motion for a preliminary injunction. (P#15) In it, Gaskins states that the lack of a photocopier in 10 Block "has really hindered my ability to effectively litigate my pending civil and criminal cases." (Declaration, ¶ 5) He lists nine pending cases, including the instant case. (Declaration, ¶ 6) Gaskins candidly admits that "I haven't been hurt yet by (defendants') actions, but its just a matter of time before I will." (Declaration, ¶ 7) Gaskins thus concedes that he has not been prejudiced by the defendants' actions.

Nor is there any legal effect to the claim that the absence of a photocopier in the "10 Block" library has caused Gaskins to litigate less effectively. The right of access to the courts is "narrow in scope" and "does not extend to enabling prisoners to litigate with maximum effectiveness once in court." Boivin v. Black, 225 F.3d 36, 42 (1st Cir. 2000); Puleio v. Commissioner of Correction, 753 N.E.2d 814, 821 (Mass. App. Ct.), rev. denied, 759 N.E.2d 328 (Mass. 2001).

Prisoners are not entitled to access to court which is state-of-the-art. Access need only be "adequate, effective, and meaningful." Bounds v. Smith, 430 U.S. 817, 822 (1977); Blake v. Berman, 625 F.Supp. 1523, 1525 (D. Mass. 1986). The constitutional standard is satisfied when an inmate has the ability "to prepare a petition or complaint," Carter v. Fair, 786 F.2d 433, 435 (1st Cir. 1986), and "to participate meaningfully in the legal process."

6

<u>Sowell v. Vose</u>, 941 F.2d 32, 34 (1st Cir. 1991). To the extent that "ancillary features", such as writing supplies, "affect merely comfort or convenience" of access, the plaintiff must show an "actual injury." <u>Id.</u> The court will not assume that a "less than optimal clerical arrangement actually impedes a prisoner's ability to file meaningful legal papers." <u>Id.</u>

Gaskins alleges that the library hours were "cut back" and that "convicts are now only afforded 42 hours of library time." (Complaint, ¶ 23) He does not claim that this number of hours is inadequate for his purposes.

Indeed, Gaskins' litigation of the instant case illustrates that he <u>does</u> have adequate access to the courts. He was able to file a neatly typed 7-page complaint, a motion for preliminary injunctive relief accompanied by a 3-page declaration, a 9-page supporting memorandum, numerous exhibits and various other papers. *See* <u>McDonald v. Hall,</u> 610 F.2d 16, 19 (1st Cir. 1979) (*pro se* inmate appeared to have adequate access to law library where his brief "clearly seems to be the product of more than minimum competence.")

7

## CONCLUSION

For the reasons stated herein, the complaint should be dismissed because it fails to state a claim upon which relief can be granted against the defendants.

                            Respectfully submitted,

                            NANCY ANKERS WHITE
                            Special Assistant Attorney General

Date: August 1, 2005         __/s/ DAVID J. RENTSCH_____
                            David J. Rentsch, Counsel
                            Legal Division
                            Department of Correction
                            70 Franklin Street, Suite 600
                            Boston, MA  02110-1300
                            (617) 727-3300, ext. 142
                            BBO #544926

## CERTIFICATE OF SERVICE

I, David J. Rentsch, certify that on this day I caused a copy of the foregoing memorandum to be mailed to the plaintiff, Tony B. Gaskins, pro se, by first class mail, postage pre-paid, at MCI-Cedar Junction, P.O. Box 100, South Walpole, MA  02071

Date: August 1, 2005         __/s/ DAVID J. RENTSCH_____
                            David J. Rentsch