UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Tony B. Gaskins,

    Plaintiff,                    Civil Action
                                        No. 05-10630-JLT

v.

David Nolan, et al.,

    Defendants.

"VERIFIED"
PLAINTIFF'S RESPONSE TO DEFENDANTS OPPOSITION
TO HIS MOTION FOR AN ORDER FOR PROPER PENS TO
FILE PLEADINGS IN THIS ACTION AND OTHER CIVIL
ACTIONS

    Now comes the plaintiff in response to defendants motion, and states as follows.

    1. The original motion filed with this court was written with one of the "soft pens," but the pen had to be "seriously altered" in order for the plaintiff to file the pleadings in writing. The pen used, because of its alteration, once discovered by prison staff, will be confiscated as "contraband" and the plaintiff would receive a disciplinary report for altering the pen but that is the "only" way one can write with the pen.

    2. Mr. Gaskins has several civil actions pending against the DOC that requires a lot of note taking and, at times, handwritten pleadings when he is unable to use the prison typewriter in time. Does the plaintiff have to wait until he is actually injured by this practice before the court will intervene and stop this illegal, unwarranted, highly exaggerated, overbroad practice by the defendants?

3. The defendants, by providing Mr. Gaskins with a "soft pen," are punishing him for the act of a single prisoner who stabbed a guard with a pen. And there is no evidence that can be produced by the defendants "from which it could be found that all of the inmates, or even a majority of them, were responsible for the conditions," Blake v. Hall, 668 F.2d 52,58 (1st Cir. 1981), i.e., the stabbing of correctional officer, Viera. As the Blake Court noted, "We see no reason why well-behaved inmates should have to suffer cruel and unusual punishment because of the actions of some disruptive ones." Id.

4. There is no iron curtain drawn between the DOC and the constitution. The defendants response here is very much an "exaggerated response" and "[t]he fact that particular measures advance prison security ... does not make them ipso facto constitutional." Blackburn v. Snow, 771 F.2d 556,562 (1st Cir. 1985)(emphasis in original).

5. This court should order the DOC to provide it with a "soft pen" so this court can see for itself the "defectiveness" of the "soft pens."

6. The altered pen the plaintiff used to write the pleadings can be used as a weapon just as effectively as a regular pen could. In its "altered" version, its just as dangerous. But not all inmates want pens to stab

somebody with. Most inmates use a pen for what it is made for, and that is to write with. It does not matter where an inmate is "housed," if he has not used his regular pen as a weapon against another, he should not be stripped of his ability to use a regular "plastic" pen because of "one" inmate's actions. Accord Blackburn v. Snow, 771 F.2d at 564 ("We reject the argument that the security needs of the jail justified the blanket rule...").

Wherefore, the plaintiff's motion(s) filed relevant to this matter should be granted and the defendants ordered to provide him with regular pens to write with.

Respectfully Submitted,

Tony B. Gaskins, Pro se
MCI-Cedar junction
P.O. Box 100
South Walpole, Ma. 02071

Dated: 8/21/05

### VERIFICATION

I, Tony B. Gaskins, verify that the facts stated herein are true and accurate.

Tony B. Gaskins, pro se

### CERTIFICATE OF SERVICE

I, Tony B. Gaskins, certify that I caused a true copy to be served on: David J. Rentsch, Legal Division, Department of Correction, 70 Franklin Street, Suite 600, Boston, Ma. 02110-1300, by first class mail, postage prepaid.

Tony B. Gaskins, Pro se

Dated: 8/21/05