UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Tony B. Gaskins,

    Plaintiff,

v.

                                Civil Action
                                No. 05-10630-JLT

David Nolan, et al.,

    Defendants.

**MOTION TO COMPEL DEFENDANTS TO PROVIDE PLAINTIFF
WITH PHOTOCOPIES OF ANY LEGAL DOCUMENTS WISHED
TO BE COPIED FROM THE TEN BLOCK PHOTOCOPIER**

    Now comes the plaintiff in the above-entitled matter moves this Court to order the defendants to provide him with photocopies of "any" and "all" legal documents requested for photocopying, and that the defendants provide the copies through the photocopier in the Ten Block Unit. In support hereof, the plaintiff makes the following contentions.

    The plaintiff, Tony Gaskins, who has pending cases within the courts is not being allowed to photocopy any of his legal documents he sends to the main library for photocopying. On 4/17/ 05, Mr. Gaskins sent to be photocopied a "Response Memorandum" filed in the matter of Commonwealth v. Gaskins, Essex Superior Court No. 91-CR-018642. The Response Motion was sent to Mr. Gaskins by his attorney, John J. barter, who is representing him on his Rule 30 motion for new trial, which is at the evidentiary hearing stage. Upon sending the motion to the Librarian, Beverly Veglas, for photocpoying, she

denied the requested copies for not being an "original document." See Exhibit A, attached hereto for reference. Here, "the system for obtaining copies [is] haphazard." Cepulonis v. Fair, 732 F.2d 1,4 (1st Cir. 1984).

Then on another occasion, Mr. Gaskins submitted to the main library for request for copies of caselaw he needed to research in order to further his claims in one of his lawsuits, and, again, the Librarian refused to make the requested photocopies. Mr. Gaskins then submitted an inmate request to staff form addressing to Mrs. Veglas that she is denying him photocopies of cases when he is unable to make photocopies in Ten Block due to the policy implemented that prisoners are no longer to use the Ten Block photocopier, and that all copies are to be made through the librarian in the main library. Mrs. Veglas's response was, "Because you have access to the Satellite Law collection any case that can be found in the collection can be researched in the library when any inmate accesses the library.  This has historically been the process for any inmate housed in the 10 Block Unit.  Case copy is limited to those cases or statutes not found within the mandated collection of the Satellite Library.  Your issues with the copy machine may be addressed to your Deputy of DDU and 10 Block." See Exhibit

B, attached hereto for reference.

A prisoner's constitutional right of meaningful access to the courts, which underlies the issue here, is fundamental. Bradley v. Hall, 64 F.3d 1276, 1280 (9th Cir. 1995) citing Bounds v. Smith, 430 U.S. at 828. The reality and substance of any of a prisoner's protected rights are only as strong as his ability to seek relief from the courts or otherwise to petition the government for redress of the deprivation of his rights. Id. The plaintiff contends that the defendants actions here are deliberate and done only to inhibit him from "meaningful" access to seek redress with the courts. It is clear from Mrs. Veglas's own words as stated in Exhibit B, that if Mr. Gaskins want copies of cases to research that are in the Satellite Library she will not make the copies, and that Mr. Gaskins will just have to "read" the cases during his library period (that is only two hours in duration). If the plaintiff does not receive an order from this court allowing him to photocopy "any" and "all" of his legal documents—whether its an original or not—from the Ten Block photocopier, will deny him his 1st and 14th Amendment rights to access to the courts and due process. See, e.g., Green v. Johnson, 977 F.2d 1383, 1389 (Converesly, prison officials may not affirmatively hinder a prisoner's

efforts to comstruct a nonfrivolous appeal or claim); Carver v. Knox County, Tenn., 753 F.Supp. 1370,1391 (E.D.Tenn. 1989)(This access to the courts must be "adequate, effective and meaningful").

In this case, plaintiff access is not "meaningful" within the spirit of the law.  Because if the plaintiff is "only" allowed to photocpoy so-called "original documents" and that he cannot receive copies of certain caselaw (the cases present in the Satellite Library), this will effectively take away his ability to properly litigate any of the cases he now have pending before the courts.  There would be no way for Mr. Gaskins to submit to this court documents to support his claims now pending before this court and other courts, such as in the matter of Gaskins v. Dennehy, et al., 04-SUCV-00717; Gaskins, et al., v. Dennehy, et al., No. 05-SUCV-0257; Gaskins v. UMass Correctional Health Services, et al., U.S.D.C. No. 05-CV-10858-GAO; Gaskins, et al. v. Dennehy, et al., U.S.D.C. No. 05-CV-11230-JLT, etc.

If this order is not granted, these pending cases will not be able to be effectively prosecuted by the Mr. Gaskins.  And this could also damage his chance at regaining his freedom if not allowed to photocopy legal documents provided him by his attorney or legal documents provided him by others.  There are all kinds of motives

that could be assumed for the defendants actions here. Especially if they do not want to be sued for improper dealings with prisoners. That is why the <u>Bradley</u> Court stated:

> "We have previously held that a prison policy requiring prisoners to submit confidential legal papers to prison officials for photo-copying can serve as the basis for a claim for the denial of meaningful access to the courts. <u>Casey</u> v. <u>Lewis</u>, 43 F.3d 1261,1269 (9th Cir. 1994). The threat of punishment for an impolitic choice of words burdens the prisoner's right of meaningful access to the courts at least as much as submitting confidential memos to prison officials for copying and occasional perusal."

Id., 64 F.3d at 1281. Accord <u>Ramos</u> v. <u>Lamm</u>, 639 F.2d 559 (1980). The defendants actions are also in violation of 103 CMR 478.09. See Exhibit C, attached hereto for reference.

Wherefore, the plaintiff prays that this motion is allowed.

Respectfully Submitted,

_____
Tony B. Gaskins, Pro se
MCI-Cedar Junction
P.O. Box 100
South Walpole, Ma. 02071

Dated: 8/25/05

**CERTIFICATE OF SERVICE**

I, Tony B. Gaskins, certify that I caused a true copy to be forwarded to: David J. Rentsch, Legal Division, Department of Correction, 70 Franklin Street, Suite 600, Boston, Ma. 02110-1300, by first class mail, postage pre-paid.

_____
Tony B. Gaskins, Pro se

Dated: 8/25/05

103 CMR 478.00  Attachment C

# DEPARTMENT OF CORRECTION
# LEGAL PHOTOCOPYING REQUEST FORM

*BTU 4-19-05* [circled signature/initials in top left]

This form must be completely filled out if you are requesting legal photocopying. The Librarian will only copy original documents.

Date: 4/12/05

Name: TONY GASKINS

Inmate Number: W52145

Institution: MCI-Cedar Junction

Housing Unit: DOU

Number of pages of document to be copied: 23

Number of copies: 1

Cite the legal rule or Court Order or provide reason for the number of copies requested: N/A

If there is a Court deadline, you must write it here: N/A and attach proof.

Please inform the Librarian if there is anything else s/he needs to know in order to process this request:

Attach the document to be copied to this Legal Photocopying Request Form.

---

**For Librarian use only:**

Approved: _____

Denied: ✓

Reason for denial:
____ Not original legal document
____ Failure to cite legal rule or Court Order
____ Other: _____

Received 4/21/05

Date received: _____   Date completed: _____
Total number of pages: _____

"Not in accordance with 103 CMR 478 Ex. A "The Librarian will only copy original documents". It appears this is your copy of a legal document.  G. Hughes, Librarian C

MCI-C?
RECEIVED
AUG 18 2005
LIBRARY

# DEPARTMENT OF CORRECTION

## INMATE REQUEST TO STAFF MEMBER

TO: Tony Gaskins  
(Name and Title of Officer)

DATE: 8/17/05

SUBJECT: State completely but briefly the problem which you desire assistance (give details)

You denied my request to photocopy three cases because you say I'm in Ten Block and the cases are in the library in Ten Block. Well, I cannot use the photocopier in Ten Block to copy the cases. Remember??? You are one of the parties who had the copier removed. Did you forget that?

(Use other side of page if more space is needed)

ACTION REQUESTED: (State exactly how you believe your request may be handled; that is, exactly what you think should be done, and how.)

I need these cases copied and here they are again: 189 F.Supp.2d 719; 204 F.Supp.2d 1024; 123 S.Ct. 2162 and 329 F.3d 431. I need these right away for my research. Thank you.

NAME: Tony Gaskins    No.: W52145

Work Assignment: _____    Living Quarters: 10 Block

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)    DATE: 8/18/05

Because you have access to the Satellite Law Collection any cases that can be found in the collection can be researched in the library when any inmate accesses the library. This has historically been the process for any inmate housed in the 10 Block Unit. Case copy is limited to those cases or statutes not found within the mandated collection of the Satellite Library. Your issues with

Ex. B

103 CMR 478.00:  LIBRARY SERVICES

Section

| | |
|---|---|
| 478.01: | Purpose |
| 478.02: | Statutory Authorization |
| 478.03: | Cancellation |
| 478.04: | Applicability |
| 478.05: | Access to 103 CMR 478.00 |
| 478.06: | Definitions |
| 478.07: | Staff |
| 478.08: | Budget |
| 478.09: | Facilities and Equipment |
| 478.10: | General Library Services |
| 478.11: | Legal Services |
| 478.12: | Operating Procedures |
| 478.13: | Collection Development |
| 478.14: | Responsible Staff |
| 478.15: | Annual Review |
| 478.16: | Severability |

478.01:  Purpose

The purpose of 103 CMR 478.00 is to establish department policy regarding library services. The objective of 103 CMR 478.00 is to provide a guide for the planning, implementation and evaluation of library services in all state correctional institutions.

478.02:  Statutory Authorization

103 CMR 478.00 is issued pursuant to M.G.L. c. 124, § 1(c),(q)., and is consistent with M.G.L. c. 78,§ 19E(4).

478.03:  Cancellation

103 CMR 478.00 cancels all previous Department policy statements, bulletins, directives, orders, notices, rules or regulations regarding Library Services.

478.04:  Applicability

103 CMR 478.00 is applicable to all employees and inmates at all correctional institutions within the Department of Correction.

478.05:  Access to 103 CMR 478.00

103 CMR 478.00 shall be maintained within the Central Policy File of the Department and will be accessible to all Department employees. A copy of 103 CMR 478.00 shall also be maintained in each Superintendent's Central Policy File and in each inmate library.

478.06:  Definitions

Access - use of general and law library services on a scheduled basis.

Associate Commissioner of Reentry and Reintegration – the senior staff person whose duties include, but are not limited to, the management of classification, programs, education, reentry and reintegration.

Audio-visual Equipment - any equipment needed to facilitate the use of non-print library material, such as films, filmstrips, slides, recordings, videos, *etc.*

Board of Library Commissioners - ("BLC") the state agency responsible for the establishment and development of library media centers in state institutions.



478.06:    continued

> Circulation - the activity of a library in lending books and other materials to borrowers and keeping records of the loans.
>
> Collection - the total accumulation of all library materials provided by the library for its users, also called resources or holdings. It may consist of books, periodicals, pamphlets, records or tapes, filmstrips, slides, pictures, games, *etc*.
>
> Commissioner - the Commissioner of Correction.
>
> Inmate Management Systems (IMS) - The Department of Correction's automated information system that provides processing, storage and retrieval of inmate related information needed by Department personnel and other authorized users within the criminal justice system.
>
> Inter-library Loan - a cooperative arrangement among libraries by which one library may borrow material from another.
>
> Library Materials - the total bibliographic holdings or resources of the library consisting of books, periodicals, pamphlets, records, tapes, filmstrips, slides, pictures, games, etc.
>
> Library Services - the total services rendered by the library to its users, including provision of information, reference, bibliographic aid, lending materials, reading guidance, etc.
>
> Manager of Library Services - an employee designated by the Commissioner of the Department of Correction as being responsible for coordination of library services.
>
> Media - printed and audiovisual forms of communication and any necessary equipment required to make them usable.
>
> Network - a cooperative organization formed to provide services to members.
>
> Superintendent – the Chief Administrative Officer of a state correctional institution.
>
> Technical Services - all activities concerned with obtaining, organizing and processing library materials for use.

478.07:   Staff

> (1)   Institution Librarian - A full time staff member holding either a Master's Degree in Library Science or Certification as a Professional Librarian. All institutions with an inmate population over 200 should be staffed with an institution librarian. All institution librarians shall be selected with the approval of the manager of library services.
>
> (2)   Library Aide - A staff member with either prior library experience or professional library assigned by the Superintendent to coordinate library services under the supervision of the Manager of Library Services at those institutions with an inmate population under 200 which do not have an institution librarian.
>
> (3)   Manager of Library Services - A full time staff member of the Department of Correction, who coordinates and supervises library services for all institutions in the system. The Manager of Library Services shall have a Master's Degree in Library Services or Certification as a Professional Librarian. The Manager of Library Services, in conjunction with the appropriate institution personnel, shall participate in the goal setting and review process for all institution librarians and shall be a co-signatory on all librarian reviews.
>
> (4)   Institution librarians shall meet regularly to form and maintain a network for the purpose of communication, resource sharing, continuing education and training, and the development of cooperative projects and/or grant proposals. Librarians shall maintain communications and establish liaisons with their counterparts in similar institutions and in all types of libraries outside the institution.

478.07:    continued

> (5)   Specifications for library personnel shall be written, to the extent feasible, with cooperation of the Department's Manager of Library Services, the institutional Director of Treatment, and the Consultant for Services to

Institutions from the Massachusetts Board of Library Commissioners.

(6) Institutions may use inmates as library clerks, subject to the approval of the Superintendent and the institution librarian. Each institution shall develop procedures for the selection of inmate library clerks. This procedure shall include an application process through which each inmate is screened for eligibility as a library clerk. All inmate applicants must demonstrate basic literacy skills. Inmates must complete the approved training course prior to selection as a law library clerk. At IMS sites, institutional procedures ensure that special requirements of these positions shall be provided to the work assignment officer who shall enter the information in the Create Job Assignment Screen.

(7) The institution librarian shall be responsible for training inmates as general and law library clerks. Each institution shall develop procedures to insure that general and law library clerks are trained to perform routine library duties as circulation and technical services assistants. No inmate will be hired as a law library clerk without passing a qualifying exam. Each institution with an inmate population over 200 shall develop procedures for the delivery of the approved training course to train potential law library clerks.

478.08:  Budget

Each institution librarian or library aide shall make annual budget recommendations to the Superintendent and the Manager of Library Services. Advisory guidelines can be found in the *Library Standards for Adult Correctional Institutions*.

478.09:  Facilities and Equipment

It is recommended that the correctional library be functional in design and inviting in appearance. The types of equipment and machinery will vary depending upon the services and programs of the institution and its library. All libraries should have typewriters, copying equipment, and audio-visual equipment.

478.10:  General Library Services

(1) Purpose - The library is an information center for the institution. Library services support, broaden and strengthen the institution's program. The library provides a variety of services, materials and programs comparable to a public library. Advisory guidelines can be found in the *Library Standards for Adult Correctional Institutions*.

(2) The library should encompass a variety of services, materials, and programs. These should include but not be limited to:
    (a) planned and continuous acquisition of materials;
    (b) logical organization of materials for convenient use;
    (c) circulation of materials to maximize use and satisfy informational, educational and recreational needs of users;
    (d) reference and information services;
    (e) reader's advisory services;
    (f) promotional activities to publicize the library's resources;
    (g) audio-visual programs; and
    (h) motivational programs to attract users and encourage activities and participation in a variety of projects.

(3) The library should have cooperative inter-library loan affiliations with various segments of the library community to supplement its own print and non-print resources.

(4) In institutions with fewer than 200 inmates, the Manager of Library Services and the institutional staff member assigned by the Superintendent to be responsible for library services shall determine the best method for providing those services.

478.10:   continued

(5) The library shall have copies of all unrestricted department and institution policies available for the staff and inmates.

478.11: Legal Services

(1) General - The constitutional right of access to the courts requires that, when requested, inmates receive assistance in preparing and filing legal papers. This assistance may include access to law library facilities, instruction in the use of legal materials and reference
assistance. However, such assistance shall not include legal advice or direction of legal research on the part of library personnel.

(2) Law Collection - Each institution with an inmate population over 200 shall have a law collection. As suggested by federal and state court rulings and national standards, the law library should include at a minimum: state and federal constitutions, state statutes, state decisions, procedural rules and decisions and related commentaries, federal case law, court rules, practice treatises, citators, legal periodicals and digests.
   (a) The law collection shall be maintained and updated by the institution librarian.
   (b) Legal materials, with the exception of photocopies, shall not be circulated.

(3) Access - Library access shall be scheduled and coordinated by the librarian and shall be provided to all inmates within the institution. An inmate of any state correctional institution without an adequate law collection may request transportation to an institution with a law collection for the purpose of conducting legal research. This request shall be made in writing to the Superintendent or a designee. The Superintendent may provide access to legal assistance in lieu of Law Library Services as deemed appropriate.

(4) Photocopies

   (a) Photocopying services shall be for the purpose of duplicating original legal documents. The Superintendent shall designate the staff members responsible for photocopying legal documents and legal reference materials.

   (b) All photocopy requests shall be compiled within reasonable amounts at no charge. In order to provide photocopying services to all inmates, the Superintendent may establish guidelines and limits, subject to the review of the Commissioner or a designee.

   (c) No photocopy request shall be processed unless the Department of Correction Legal Photocopying Request Form is completed and attached to the original legal document to be copied.

   (d) The librarian shall make reasonable efforts to secure materials not in an institution's collection but available through established inter-library loan procedures.

(5) Supplies

   (a) The institution shall make reasonable efforts to assist inmates in the preparation and processing of their legal documents. Items such as paper, pencils, envelopes and typewriters shall be provided to all inmates who request them and should be available free of charge. The Superintendent may establish guidelines and limits for such services, subject to the approval of the reviewing authority.

   (b) Records shall be kept of access, photocopy use and supplies dispersed, including to whom supplies were dispersed.

478.12: Operating Procedures

(1) Library Services staff with the approval of the Superintendent, shall post a schedule of library hours and activities.

(2) Written procedures regarding daily operating procedures shall be established by the librarian with the approval of the Superintendent.

(3) An inventory of equipment and materials shall be conducted annually by the librarian.

478.12: continued

If any article, section, subsection, sentence, clause or phrase of 103 CMR 478.00 is for any reason held to be unconstitutional, contrary to statute, in excess of the authority of the Commissioner or otherwise inoperative, such decision shall not affect the validity of any other article, section, subsection, sentence, clause or phrase of 103 CMR 478.00.

REGULATORY AUTHORITY

103 CMR 478.00: M.G.L. c. 124, § 1(c), (q).