UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Tony B. Gaskins,

    Plaintiff,

v.

David Nolan, et al.,

    Defendants.

Civil Action
No. 05-10630-JLT

## MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS

Now comes the plaintiff, Tony B. Gaskins, moves this Honorable Court to strike the defendants Motion to Dismiss as not being in conformity with filing a proper responsive pleading to the plaintiff's complaint. See Fed. R. Civ.P. 12(f).

A district court should grant a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedures only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Walker v. Mahoney, 915 F.Supp. 548, 550 (E.D.N.Y. 1996)(citation omitted). [T]he Supreme Court instructs that where, as the instant case, the plaintiff is proceeding pro se, the district court must liberally construe the complaint's allegations. Id., at 551, citing Haines v. Kerner, 404 U.S. 519, 520 (1972).

The plaintiff contends that not only have the defendants failed to respond to his complaint, Montgomery v. Indiana Dept. of Correction, 794 N.E.2d 1124, 1127-1128 (Ind. App. 2003), but this court has not yet decided the plaintiff's Motion for TRO and a Preliminary Injunction which was filed before the defendants filed their Motion to Dismiss. The defendants has not even responded properly to his TRO and Preliminary Injunction motion. Because of these factors, this court should strike the defendants motion to dismiss as being a nonconforming motion filed at "this stage" of the civil action.

Respectfully Submitted,

Tony B. Gaskins, Pro se
MCI-Cedar Junction
P.O. Box 100
South Walpole, Ma. 02071

Dated: 9/1/05

## CERTIFICATE OF SERVICE

I, Tony B. Gaskins, certify that I caused a true copy of the foregoing motion to be served on: David J. Rentsch, Counsel, Legal Division, Department of Correction, 70 Franklin Street, Suite 600, Boston, Ma. 02110-1300, by first class mail, postage prepaid.

Dated: 9/1/05

Tony B. Gaskins, Pro se