UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TONY B. GASKINS, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 05-10630-JLT |
| v. | ) | |
| DAVID NOLAN, et al., | ) | |
| Defendants. | ) | |
| | ) | |
| TONY B. GASKINS, et al., | ) | |
| Plaintiffs, | ) | C.A. No. 05-11230-JLT |
| v. | ) | |
| KATHLEEN DENNEHY, et al., | ) | |
| Defendants. | ) | |

ORDER

TAURO, D.J.

In the interests of judicial economy, the following ORDER is hereby made with respect to each of the above-captioned cases:

I.    ORDER FOR CONSOLIDATION:

Because there are identical claims in each in the above captioned cases, it is hereby ORDERED that Civil Action No. 05-10630-JLT and Civil Action No. 05-11230-JLT are CONSOLIDATED for all purposes, and filings made in C.A. 05-11230-JLT shall be deemed to have been made in C.A. 05-10630-JLT. All future filings shall be made only in Civil Action No. 05-10630-JLT and shall indicate the docket as "C.A. 05-10630-JLT (LEAD CASE)." Civil Action No. 05-11230-JLT shall be terminated as a pending case in light of this Order for Consolidation.

II.    ORDERS ON PENDING MOTIONS:

A.  Motions in Civil Action No. 05-11230-JLT: The Court hereby Orders the following:

   1. Motion for Exemption from LR 7.1 (#43)

   The Defendants' Motion for Exemption from the consultation requirements of Local Rule 7.1 (#43) is ALLOWED, the Court finding exceptional circumstances exist to warrant a waiver of the requirement. The Plaintiffs, however, are not relieved from the requirements of Local Rule 7.1.

   2. Motion for Extension of Time to September 15, 2005 to Respond to Complaint and Motion for TRO/PI (#44)

   The Defendants' Motion for an Extension of Time to September 15, 2005 to Respond to the Complaint and Motion for TRO/PI (#44) is ALLOWED, *nunc pro tunc*, there being no timely opposition filed, and the motion appearing to constitute a reasonable request.

   3. Motion for Reconsideration re: Order (#45) re: Service of Process (#47)

   The Plaintiffs' Motion for Reconsideration with respect to clarification about re-service of process on all Defendants with respect to pleadings actually received by the Defendants. The Motion (#47) is ALLOWED to the extent that the Plaintiffs shall not be required to reserve any of the Defendants who have already been served by the United States Marshal. If the Defendants contend that proper service has not been made as of this date, the Defendants shall file a written statement indicating which Defendant(s) contest service of process at this juncture. This Court has previously permitted this action to proceed after preliminary screening pursuant to 28 U.S.C. § 1915, and has permitted free service to be conducted by the United States Marshal's Office. Therefore, the Court will permit the Plaintiffs to rectify any deficiencies in service upon the Defendants. However, given the limited resources of the Plaintiffs and the United States Marshal's Office, the Court need not delve into this matter further unless the Defendants seek to raise the lack of proper service as an issue.

   Accordingly, the Defendants shall therefore notify this Court in writing, within fourteen (14) days of the date of this Order, as to whether any Defendant contests service of process at this time, or whether it waives any deficiencies with respect to service of process, both with respect to the Complaint and the Motion for Preliminary Injunction or Motion for Temporary Restraining Order.

   4. Motion for Preliminary Injunction/Temporary Restraining Order (#48)

        In view of the Order for Consolidation, the Plaintiffs' Motion for Preliminary Injunction/Temporary Restraining Order (#48), filed in C.A. 05-11230-JLT, is denied without prejudice.  The Plaintiffs' request for preliminary injunctive relief (#48) shall be considered in conjunction with the Plaintiffs' previously filed Motion for Preliminary Injunction and Temporary Restraining Order, in C.A. 05-10630-JLT (#14).

B.     <u>Motions in Civil Action No. 05-10630-JLT</u>:  The Court hereby Orders the following:

    1.     <u>Motion for Hearing (#12)</u>

        The Plaintiffs' Motion for Hearing (#12) is DENIED without prejudice.  Pursuant to Local Rule 7.1(e), if the Court concludes that a hearing should be held on any motion(s), a motion hearing will be set down for a hearing at such time as this Court determines.  In making such determination, the Court will consider whether and to what extent *pro bono* counsel may be secured to represent the Plaintiffs, in accordance with this Court's prior Order in Civil Action No. 05-11230-JLT.  At this juncture the Court is still making efforts to secure *pro bono* counsel for the Plaintiffs.

    2.     <u>Motion for Writ of Habeas Corpus Ad Testificandum (#13)</u>

        For the reasons set forth in paragraph (1) above, the Motion for Writ of Habeas Corpus (#13) is DENIED without prejudice.  If and/or when this Court determines a hearing is necessary, arrangements shall be made for the appearance of one or more of the Plaintiffs, either in person, by telephonic conference, or by video conference, as the Court deems appropriate.

    3.     <u>Motion for Preliminary Injunction/ Temporary Restraining Order  (#14)</u>

        The motion for Preliminary Injunction and Temporary Restraining Order (#14) is hereby REFERRED to Magistrate Judge Bowler for a hearing if necessary, and a Report and Recommendation on the merits of the motion.  Plaintiffs' Motion for Preliminary Injunction/Temporary Restraining Order (#48), filed in C.A. 05-11230-JLT shall be considered in conjunction with Motion #14.

    4.     <u>Motion to Dismiss (#22)</u>

        The Defendants' Motion to Dismiss (#22) is hereby REFERRED to

Magistrate Judge Bowler for a hearing if necessary, and a Report and Recommendation on the merits or the motion.

5.  Motion for an Order for Proper Pens to File Pleadings in this Action (#25)

The Plaintiffs' Motion for Proper Pens to File Pleadings in This Action (#25) is Denied. Based on the volume of pleadings filed to date, it is apparent that the Plaintiffs have been able to access this Court and they have not demonstrated they have or will likely to suffer an actual injury. Moreover, Defendants have represented that the restrictions on writing implements are made for the purpose of protecting correctional officers from stabbing by inmates, and that stabbings have happened in the past, causing serious injuries to officers. In light of this, the Court defers to the prison authorities practices and judgment with respect to measures needed to secure internal order and maintain institutional security. Plaintiffs have not sufficiently demonstrated good cause to overcome such deference to the prison authorities in this regard.

6.  Motion to Order Defendants to Provide Court With a Soft Pen for Examination (#26)

For the reasons stated in paragraph (5) above, the Plaintiffs' Motion to Order Defendants to Provide Court With a Soft Pen for Examination (#26) is Denied. Again, the Court defers to the prison authorities with respect to the practices and policies made in order to maintain institutional security.

7.  Motion to Stay re: Motion to Dismiss (#27)

The Defendants' Motion to Stay re: Motion to Dismiss (#27) is hereby REFERRED to Magistrate Judge Bowler for a ruling on the motion. Additionally, this case is referred to Magistrate Judge Bowler for all pretrial management, including the determination of whether Discovery practice is appropriate in this case, and if so, setting the parameters under which Discovery may proceed, as well as the time periods in which to conduct Discovery.

8.  Motion to Compel Defendants to Provide Plaintiff With Photocopies of Any Legal Documents Wished to Be Copied from the Ten Block

       Photocopier (#32)

In light of paragraph (#7) above, Referring all Pretrial Management to Magistrate Judge Bowler, the Plaintiffs' Motion to Compel Defendants to Provide Plaintiff With Photocopies of Any Legal Documents Wished to Be Copied from the Ten Block Photocopier by Plaintiff Tony B. Gaskins (#32) is Denied without prejudice.  Magistrate Judge Bowler shall determine what documents the Defendants must provide to the Plaintiffs in this action, if any, as part of the Discovery management of this action

9.    Motion for Writ of Habeas Corpus Ad Testificandum (#33)

For the reasons set forth in paragraphs (1) and (2) above, the Plaintiffs' Motion for Writ of Habeas Corpus (#13) is DENIED without prejudice.  As noted previously, if and/or when this Court determines a hearing is necessary, arrangements shall be made for the appearance of one or more of the Plaintiffs, either in person, by telephonic conference, or by video conference, as the Court deems appropriate.

10.    Motion to Strike Motion to Dismiss (#34)

Plaintiffs' Motion to Strike the Defendants' Motion to Dismiss is DENIED, no good cause having been shown for allowance of the motion.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED:

1. Civil Action No. 05-10630-JLT and Civil Action No. 05-11230-JLT are CONSOLIDATED for all purposes.  Future filings shall indicate C.A. 05-10630-JLT as the Lead Case, and C.A. 05-11230-JLT shall be terminated as a pending case in view of the consolidation;

2. With respect to pending motions in Civil Action No. 05-11230-JLT:
   a. Defendants' Motion for Exemption from LR 7.1 (#43) is ALLOWED;
   b. Defendants' Motion for Extension of Time to September 15, 2005 to Respond to Complaint and Motion for TRO/PI (#44) is ALLOWED;
   c. Plaintiffs' Motion for Reconsideration re: Order re: Service of Process (#47) is ALLOWED to the extent that the Plaintiffs shall not be required to reserve any of the Defendants who have already been served by the United States Marshal, and the Defendants shall notify this Court in writing, within fourteen (14) days of the

    date of this Order, as to whether any Defendant contests service of process at this time, or whether it waives any deficiencies with respect to service of process, both with respect to the Complaint and the Motion for Preliminary Injunction or Motion for Temporary Restraining Order;

  d. Plaintiffs' Motion for Preliminary Injunction/Temporary Restraining Order (#48), filed in C.A. 05-11230-JLT, is DENIED without prejudice. The Plaintiffs' request for preliminary injunctive relief (#48) shall be considered in conjunction with the Plaintiffs' previously filed Motion for Preliminary Injunction and Temporary Restraining Order, in C.A. 05-10630-JLT (#14).

3. With respect to pending motions in Civil Action No. 05-10630-JLT,

  a. Plaintiffs' Motion for Hearing (#12) is DENIED;

  b. Plaintiffs' Motion for Writ of Habeas Corpus Ad Testificandum (#13) is DENIED;

  c. Plaintiffs' Motion for Preliminary Injunction/ Temporary Restraining Order (#14) is REFERRED to Magistrate Judge Bowler for a hearing if necessary, and a Report and Recommendation on the merits of the motion. Plaintiffs' Motion for Preliminary Injunction/Temporary Restraining Order (#48), filed in C.A. 05-11230-JLT shall be considered in conjunction with Motion #14;

  d. Defendants' Motion to Dismiss (#22) is REFERRED to Magistrate Judge Bowler for a hearing if necessary, and a Report and Recommendation on the merits or the motion;

  e. Plaintiffs' Motion for an Order for Proper Pens to File Pleadings in this Action (#25) is DENIED.

  f. Plaintiff's Motion to Order Defendants to Provide Court With a Soft Pen for Examination (#26) is DENIED;

  g. Plaintiffs' Motion to Stay re: Motion to Dismiss (#27) is REFERRED to Magistrate Judge Bowler for a ruling on the motion;

  h. Plaintiffs' Motion to Compel Defendants to Provide Plaintiff With Photocopies of Any Legal Documents Wished to Be Copied from the Ten Block Photocopier (#32) is DENIED;

  i. Plaintiffs' Motion for Writ of Habeas Corpus Ad Testificandum (#33) is DENIED;

  j. Plaintiffs' Motion to Strike Motion to Dismiss (#34) is DENIED;

4. Civil Action No. 05-10630-JLT is hereby REFERRED to Magistrate Judge Bowler for

      pretrial management, and for a Report and Recommendation on the following Motions: Motion for Preliminary Injunction/Temporary Restraining Order (#14) (including the issues subsumed in Motion #48 filed in C.A. 05-11230-JLT), Motion to Dismiss (#22); and Motion to Stay re: Motion to Dismiss (#27); and

5.    Civil Action No. 05-10630-JLT is hereby REFERRED to Magistrate Judge Bowler for all pretrial management, including the determination of whether Discovery practice is appropriate in this case, and if so, setting the parameters under which Discovery may proceed, as well as the time periods in which to conduct Discovery.

SO ORDERED.

                                      /s/ Joseph L. Tauro
                                      JOSEPH L. TAURO
DATED: September 13, 2005       UNITED STATES DISTRICT JUDGE