```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

TONY B. GASKINS, et al.,                C.A. 05-10630-JLT
                                           (LEAD CASE)
    Plaintiffs,

    v.

DAVID NOLAN, et al,

    Defendants.

<u>DEFENDANTS' RESPONSE TO THE
PLAINTIFFS' MOTION FOR EXPEDITED ADJUDICATION</u>

The defendants hereby respond to the Plaintiffs' Joint Motion for Expedited Adjudication on Their "Second" Motion To Compel (P#47). Counsel for the defendants is unaware of any docket entry entitled "Second Motion to Compel." Mr. Gaskins' "first" motion to compel (P#32) was denied without prejudice by this Court in its Order of September 13, 2005. The Court further stated in its Order that "Magistrate Judge Bowler shall determine what documents the Defendants must provide to the Plaintiffs in this action, if any, as part of the Discovery management of this action."

To the extent that the plaintiffs seek an order compelling prison officials to photocopy "all" documents upon request, the defendants oppose the motion. Photocopying services are provided to inmates pursuant to state regulations, 103 Code Mass. Regs. § 478.11(4) (2004). Inmates are allowed to obtain photocopies of their "original legal documents." <u>Id.</u> Under established procedure, the inmate must submit a photocopy request form, along with his legal documents, to the appropriate staff for approval. <u>Id.</u>

2

The policy is fair and reasonable. Prison officials are responsible for ensuring that photocopying services are reserved for legitimate purposes, i.e., for "legal" and not "personal" use. This benefits the plaintiffs and other inmates who seek access to the courts. Improper use of the photocopier delays the processing of legitimate photocopying requests, wastes supplies such as paper and toner, places an undue burden on staff, and causes additional wear and tear to the photocopying equipment.

The plaintiffs fail to show any legitimate reason to support their professed need for photocopies of reported case decisions that are available in the law library. They have the conceded ability to research and read case law in the library. (Joint Motion, ¶ 4) It would be duplicative and wasteful to also provide them with a photocopy of each case.

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

Date: October 17, 2005     __/s/ David J. Rentsch_____
Counsel, BBO #544926
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA  02110-1300
(617) 727-3300, ext. 142

CERTIFICATE OF SERVICE

I, David J. Rentsch, certify that on this day I caused a copy of the foregoing paper to be mailed to each plaintiff, pro se, by first class mail, postage pre-paid, at his current address.

Date: October 17, 2005        __/s/ David J. Rentsch_____