UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Tony B. Gaskins, et al.,

    Plaintiffs,

v.

David Nolan, et al.,

    Defendants.

Civil Action
No. 05-10630-JLT
(LEAD CASE)

**PLAINTIFFS JOINT REPLY TO DEFENDANTS' RESPONSE TO THE PLAINTIFFS' MOTION FOR EXPEDITED ADJUDICATION**

In the defendants' response, they suggest that their current photocopying policy is "fair and reasonable." This is far from the truth. Their policy, as recently implemented, has only been implemented for one reason only -- and that is to hinder a prisoner's ability to effectively litigate their pending civil and criminal matters. The defendants actions are in violation of 103 CMR 478.09.

The photocopying was done by the officers who work in the unit (Block 10), so the defendants are deceiving this court when they say in their response, at page 2, that "[p]rison officials are responsible for ensuring that photocopying services are reserved for legitimate purposes, i.e., for "legal" and not "personal" use. The prison officials are the ones who used to do all the photocopies for the prisoners before the copier was removed from usage by the prisoners.

During a prisoner's library period, he was allowed to

-2-

make photocopies of caselaw needed for their research because it would be impossible to sift through and read multiple cases and then try to incorporate that into pleadings -- all within a two hour span. It just cannot happen. This same procedure was addressed in Cepulonis v. Fair, 732 F.2d 1, 4 (1st Cir. 1984), where the Court stated that "the system for obtaining copies [is] haphazard."

The photocpoier was placed in Ten Block due to the Cepulonis concession by the DOC and 103 CMR 478.09, and for no other reason. However, the prison administration removed it for use by the prisoners and gave it to their officers for their use "only." The photocopier sits to this day in the Lieutenant's Office in the downstairs area of Ten Block, when it used to sit outside the Satellite Law Library and the officers provided the prisoners with all requested copies that were "legal" and not "personal."

It would "not" be "duplicative" nor "wasteful" to have the defendants provide the plaintiffs with photocopies of caselaw. It hasn't been wasteful since the original ruling in Cepulopnis up until 2004, and it will not be wasteful now. See attached affidavit of Steven Jacobbe and attached exhibits. The defendants are affirmatively hindering the plaintiffs efforts "to construct nonfrivolous

appeal or claim. See Green v. Johnson, 977 F.2d 1383, 1389.

If this matter is not adjudicated expeditiously and in the plaintiffs favor, the defendants will have effectively hindered the plaintiffs right of "meaningful" access to the courts in violation of the 1st and 14th Amendments to the United States Constitution.

Respectfully Submitted,

*Tony B. Gaskins*
Tony B. Gaskins, pro se
MCI-Cedar Junction
P.O. Box 100
South Walpole, Ma. 02071

Dated: 10/24/05

### CERTIFICATE OF SERVICE

I, Tony B. Gaskins, certify that I caused a true copy of the foregoing to be served on: David J. Rentsch, Counsel, Department of Correction, Legal Division, 70 Franklin Street, Suite 600, Boston, Ma. 02110-1300, by first class mail, postage prepaid.

*Tony B. Gaskins*
Tony B. Gaskins, pro se

Dated: 10/24/05

# AFFIDAVIT

This is a true and acurate statement under the pains and penalties of perjury:

I Steve Jacobbe have an open case of armed robbery, In my attempt to file a motion to suppress I needed to research case law to support argument for my memorandum. I filled out the proper legal research request form. I am a d.d.u prisoner housed in 10-Block, the main library refused my request for photo-copies stating I could research certain cases in the 10-Block law library for your research needs. I can not memorize word for word every case I read during the duration I am afforded in the 10-Block law-library therefore Walpole State Prison is violating my due process rights.

Then personally appeared the above named Steve Jacobbe and made oath that the foregoing affidavit subscribed by him is true.

date: 10-19-05

Steve Jacobbe W 81729
X Steve Jacobbe 10-19-05
MCI-Cedar Junction
P.O. Box 100
South Walpole, MA. 02071

T- Comm #1
10/7/05

## Attachment F

## Massachusetts Correctional Institution
## Cedar Junction

### Legal Research Request Form
### TO MAIN LAW LIBRARY
### (For Inmates in DDU)

MCI-CJ RECEIVED OCT 07 2005 LIBRARY

COMPLETED
OCT 07 2005
By JR
MCI-CJ Law Library

(Please Print Plainly)

Name: Jacobbe     ID# W-81729    DDU Unit 10-Block    Cell 41

(Requests may include Case Law, Statutes, Access to CMR/DOC Policies, Legal Addresses, Legal Forms)

Case Law — Request by: Citation (794 NE2d 586); Name: Lyons v School Comm.; or Point of Law: (Arbitration or West Key #). Statues - MA and US Code Chapter or title and section. CMR or Policy Access through CPO. Legal forms if available in the main library. (Forms issued solely by the courts will not be available in the library.)

If you don't know exactly what you are researching, give some key words and areas to search. List your requests below.

* MARYLAND V. BUIE 494 U.S. 325 (1990)
  COMM V. LEWIN (II) 407 M 617 (1990)
* COMM V. DUBOIS 44 MASS. 294 (1998)
* COMM V. NOVA 50 MASS. 633 (2000)
* COMM V. CRUZ 53 MASS. 24 (2001)
* COMM V. BALICKI 436 M 1 (2002)

\* Can be found in 10 Block Sat Library

MCI-CJ RECEIVED OCT 0 7 2005 LIBRARY

T. Connolly
10/7/05

## Attachment F

## Massachusetts Correctional Institution
## Cedar Junction

COMPLETED
OCT 0 7 2005
By ___JR___
MCI-CJ Law Library

### Legal Research Request Form
### TO MAIN LAW LIBRARY
### (For Inmates in DDU)

(Please Print Plainly)

Name: **Jacobbe**   ID# **W-81729**   DDU Unit **10-Block**   Cell **41**

(Requests may include Case Law, Statutes, Access to CMR/DOC Policies, Legal Addresses, Legal Forms)

Case Law - Request by: Citation (794 NE2d 586); Name: Lyons v School Comm.; or Point of Law: (Arbitration or West Key #). Statues - Ma and US Code Chapter or title and section. CMR or Policy Access through CPO. Legal forms if available in the main library. (Forms issued solely by the courts will not be available in the library.)

If you don't know exactly what you are researching, give some key words and areas to search. List your requests below.

\# ARIZONA V. HICKs 480 US. 321 (1987)
\# MINNESOTA V. OLSON 495 U.S. 91 (1990)
U.S. V. WILSON 36 F.3 1298 (5TH CIR 1994)

\# Can be found in 10 Block Sat. Library

COMPLETED
OCT 03 2005

Attachment F  v. JR
_____
MCI-CJ Law Library

# Massachusetts Correctional Institution
## Cedar Junction

### Legal Research Request Form
### TO MAIN LAW LIBRARY
### (For Inmates in DDU)

(Please Print Plainly)

Name: JAcobbe    ID# W-81729    DDU Unit: 10-Block    Cell: 41

(Requests may include Case Law, Statutes, Access to CMR/DOC Policies, Legal Addresses, Legal Forms)

Case Law – Request by: Citation (794 NE2d 586); Name: Lyons v School Comm.; or Point of Law: (Arbitration or West Key #). Statues - Ma and US Code Chapter or title and section. CMR or Policy Access through CPO. Legal forms if available in the main library. (Forms issued solely by the courts will not be available in the library.)

If you don't know exactly what you are researching, give some key words and areas to search. List your requests below.

\# Comm v. Geronimo 38 Mass. App. Ct. 714, 725 (1995)
\# Comm v. Bates 28 Mass App. Ct. 217-219 (1990)
\# Comm v. D'Amour 428 Mass 725 (1999)
Comm v. Bond 375 Mass. 201 (1978)
\# Comm v. Vuthy Seng 436 Mass 537 (2002)
Comm v. Lahti 398 Mass 829 (1986)
Comm v. Fredette 396 Mass 455 (1985)

\# Located in 10 Block Library for your Research needs



## Attachment F

## Massachusetts Correctional Institution
## Cedar Junction

### Legal Research Request Form
### TO MAIN LAW LIBRARY
### (For Inmates in DDU)

MCI-CJ RECEIVED SEP 0 2 2005 LIBRARY

(Please Print Plainly)

Name: Antuyan Pridgett   ID# WS3402   DDU Unit: ~~3~~   Cell 36

(Requests may include Case Law, Statutes, Access to CMR/DOC Policies, Legal Addresses, Legal Forms)

Case Law – Request by: Citation (794 NE2d 586); Name: Lyons v School Comm.; or Point of Law: (Arbitration or West Key #). Statues - Ma and US Code Chapter or title and section. CMR or Policy Access through CPO. Legal forms if available in the main library. (Forms issued solely by the courts will not be available in the library.)

If you don't know exactly what you are researching, give some key words and areas to search. List your requests below.

States vs Booker, 125 S.ct. 738, 751-752 (2005)
United States vs Rodriguez, 73 F.3d 161, (C.A. 7 1966)
* United States vs Hammoud, 381 F.3d 316, C.C.A. 4 2004)
* Jones vs United States, 526 U.S. 227, 230, 119 S.ct. 1215, 143 L.Ed.2d 311 (1999)
* Apprendi vs New Jersey, 530 U.S. 466, 120 S.ct. 2348, 147 L.Ed. 435 (2000)
* Ring vs Arizona, 536 U.S. 584, 122 S.ct. 2428, 183 L.Ed. 556 (2002)
Blakely vs Washington, 543 U.S. ___, 124 S.ct. 2531 (2004)
* Slack vs McDonald, 529 U.S. 473, 120 S.ct. 1895 (2000)
Grant-Chase vs Commissioner, 145 F.3d 431 (1st Cir. 1998)

COMPLETED
SEP 0 6 2005
By: [signature]
MCI-CJ Law Library

* These cases are located in the 1st Block library for your research need.

36

T. Connah
9/27/05

MCI-CJ RECEIVED SEP 28 2005 LIBRARY

## Attachment F

## Massachusetts Correctional Institution
## Cedar Junction

## Legal Research Request Form
## TO MAIN LAW LIBRARY
## (For Inmates in DDU)

---

(Please Print Plainly)

Name: Antwyan Bridgett   ID# W53402   ~~DDU Unit~~ WWSBB TEN BLK   Cell 36

(Requests may include Case Law, Statutes, Access to CMR/DOC Policies, Legal Addresses, Legal Forms)

Case Law – Request by: Citation (794 NE2d 586); Name: Lyons v School Comm.; or Point of Law: (Arbitration or West Key #). Statues - Ma and US Code Chapter or title and section. CMR or Policy Access through CPO. Legal forms if available in the main library. (Forms issued solely by the courts will not be available in the library.)

If you don't know exactly what you are researching, give some key words and areas to search. List your requests below.

\# United States vs Hammoud, 381 F.3d 316, C.C.A. 4 2004)
\# Jones vs United States, 526 U.S. 227, 230, 119 S.Ct. 1215, 143 L.Ed. 2d 311 (1999)
\# Apprendi vs New Jersey, 530 U.S. 460, 120 S.Ct. 2348, 147 L.Ed. 435 (2000)
\# Ring vs Arizona, 536 U.S. 584, 122 S.Ct. 2428, 183 L.Ed. 556 (2002)
\# Slack vs McDaniel, 529, U.S. 473, 120 S.Ct. 1595 (2000)
Blakely vs Washington, 543 U.S. __ 124 S.Ct. 2531 (2004)
Grant-Chase vs Commissioner, 145 F.3d (1C.iR 1998)

COMPLETED
SEP 28 2005
By ___ MCI-CJ Law Library

\# Case law located in 10 block will not be copied in the main library