UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TONY B. GASKINS, ET AL.,           )<br>                    Plaintiffs,   )<br>                                                )<br>v.                                             )<br>                                                )<br>KATHLEEN DENNEHY, ET AL.,   )<br>                    Defendants.  ) | C.A. 05-10630-JLT |

FURTHER MEMORANDUM AND ORDER RE:
AMENDED ASSESSMENT OF FILING FEE AS TO EACH PLAINTIFF
AND APPOINTMENT OF *PRO BONO* COUNSEL

January 5, 2006

BOWLER, U.S.M.J.

   For the reasons set forth below: (1) Robert Brown's Motion to be Joined as a plaintiff in this action (Docket Entry # 50) is Allowed. The Clerk shall correct the docket accordingly and the court will deem that all prior pleadings and rulings of this court shall be applicable to plaintiff Robert Brown, *nunc pro tunc*. Defendants will be permitted to supplement their pleadings as to Robert Brown, if necessary; (2) Robert Brown's Motion for Leave to Proceed *in forma pauperis* (Docket Entry # 51) is Allowed, however, assessment of the initial partial filing fee pursuant to 28 U.S.C. § 1915(b) (in accordance with this court's prior Order directing apportionment of the filing fee among plaintiffs) is deferred pending receipt of a certified prison account statement as required; 3) unless plaintiff Robert Brown instructs otherwise, the Treasurer's Office at MCI Cedar Junction shall provide the court with plaintiff Robert Brown's certified prison account statement and other information as set forth in this Memorandum and Order; (4) the prior assessment of the filing fee made with respect to each co-plaintiff in this action is amended in light of inclusion of Robert Brown as a plaintiff. The amended filing fee assessment is set forth in

Schedule "A" attached to this Memorandum and Order, and the court directs the Accounting Department for the Clerk's Office to refund any overpayment by any plaintiff in view of the amended fee schedule; (5) the prior allowance of plaintiffs' Motion for Appointment of Counsel is Vacated, however, unless plaintiffs file a written objection within 21 days from the date of this Memorandum and Order, *pro bono* counsel will be appointed for each non-objecting plaintiff, for the sole purpose of representing those plaintiffs in connection with mediation or settlement proceedings. Counsel shall not be appointed to represent plaintiffs in any other capacity, be it discovery practice, motion practice, or trial.

> I.    Robert Brown's Motion to Join

On June 16, 2005, the Honorable Joseph L. Tauro, U.S.D.J. ("Judge Tauro") entered a Memorandum and Order (Docket Entry # 5) with respect to the filing fee issues presented. That Memorandum and Order directed the plaintiffs to either pay the filing fee, or to submit completed *in forma pauperis* applications accompanied by their prison account statements, within 42 days. Plaintiff Robert Brown failed to comply with this directive, and on August 3, 2005, a Memorandum and Order issued ordering the dismissal of Robert Brown as a party to this action, and assessing apportioned filing fees as to the complying plaintiffs.

On September 13, 2005, this action was referred to the undersigned by Judge Tauro, for all pretrial management. See Memorandum and Order (Docket Entry # 35).

Subsequently, on October 13, 2005, Robert Brown filed a Motion to Join this action (Docket Entry # 50), on the grounds that he did not receive notice of the court's Memorandum and Order and did not realize he was in non-compliance. Because at this juncture it does not appear that allowance of this motion will cause any undue delay or prejudice, the court will allow

the Motion to Join at this time. The Clerk is directed to correct the docket to re-instate plaintiff Robert Brown as a party in this action. The court will deem that all pleadings and rulings of this court shall be applicable to plaintiff Robert Brown, *nunc pro tunc*. The defendants shall be permitted to supplement any pleading, if necessary, (including the Motion to Dismiss and any other motion), in light of the allowance of Robert Brown's Motion to Join, provided such supplemental pleading is timely filed.

      II.      Assessment of the Filing Fee as to Each Plaintiff.

In light of this court's allowance of Robert Brown's Motion to Join, and his submission of his financial information, his Motion for Leave to Proceed *in forma pauperis* (Docket Entry # 51) is allowed. Because the allowance of this motion and the attendant assessment of the filing fee (as apportioned among each plaintiff) effects the assessments previously made as to the other plaintiffs in this action, the court has re-assessed the filing fee owed by each plaintiff (*i.e.,* the fee owed by each plaintiff shall be reduced proportionately in light of the fee assessed against Robert Brown). Because such re-assessment makes collection and administration of the filing fee problematic, the Amended filing fee assessment is set forth in Schedule "A" attached to this Memorandum and Order. Additionally, the court directs the Accounting Department for the Clerk's Office to refund any overpayment by any plaintiff in view of the Amended fee schedule.

Additionally, since the prison account statement provided by plaintiff Robert Brown is deficient, the court is unable to assess the proportionate share of his filing fee pursuant to 28 U.S.C. § 1915(b) (as apportioned). Accordingly, assessment of the initial partial filing fee as to plaintiff Robert Brown (in accordance with this court's prior Order directing apportionment of the filing fee among plaintiffs) is deferred pending receipt of a <u>certified</u> prison account statement as

3

required by § 1915. Within 42 days of the date of this Memorandum and Order, plaintiff Robert Brown is directed to provide this court with a certified copy of his prison account statement.

III.   Order to Treasurer's Office at MCI Cedar Junction

In order to facilitate plaintiff Robert Brown's compliance with the directives above, and to the extent that the Superintendent and/or the Treasurer's Office at MCI Cedar Junction requires a court order to provide plaintiff Robert Brown with his prison account statement, it is hereby ORDERED that:

> Within 42 days of the date of this Memorandum and Order, the Treasurer's Office at MCI Cedar Junction, or any other facility housing the plaintiff Robert Brown, shall, unless plaintiff instructs otherwise, provide this court with a certified copy of plaintiff's prison account statement. Such statement shall include balance information for the six (6) months preceding October 13, 2005 (date plaintiff was permitted to join this action), **and specifically include the following information: 1) the average monthly deposits to plaintiff's prison account for that six (6) month period; and 2) the average monthly balance in plaintiff's account for the 6 month period immediately preceding October 13, 2005.**

IV.   Order Vacating Order for Appointment of Pro Bono Counsel

Judge Tauro previously granted the plaintiffs' Motion for Appointment of Counsel, subject to the condition that *pro bono* counsel could be obtained for the plaintiffs, and if no counsel could be secured after diligent efforts, the Order would be vacated. See Order (Docket Entry # 34) entered in consolidated case, C.A. 05-11230-JLT.

After diligent efforts by the court to secure *pro bono* counsel, it now appears that *pro bono* counsel cannot be obtained for plaintiffs in this action. Accordingly, the Order granting the plaintiffs' Motion for Appointment of Counsel is hereby VACATED, and all plaintiffs must appear *pro se* in this action, or make their own efforts to secure counsel in this matter.

Notwithstanding the above, however, this court has been able to secure *pro bono* counsel willing to represent each of the plaintiffs in the above captioned matter, for the sole purpose of representing them in connection with mediation or settlement proceedings. Counsel shall not be appointed to represent plaintiffs in any other capacity, be it discovery practice, motion practice, or trial.

Accordingly, it is hereby ORDERED that the firm of Edwards & Angell LLP[1] 101 Federal Street, Boston, MA 02110 shall be appointed to represent each plaintiff in this action <u>solely</u> for the limited purpose described above (*i.e.,* for mediation or settlement matters only). This appointment is subject to the further conditions, as follows:

(1) If any plaintiff wishes to "opt-out" and not have *pro bono* counsel appointed on his behalf, he shall, within 21 days of the date of this Order, file a written pleading entitled "plaintiff's Election to Opt-Out of Appointment of *Pro Bono* Counsel." Any plaintiff who fails to "opt-out" shall be deemed to have consented to the appointment of *pro bono* counsel in accordance with this Order;

(2) Notwithstanding paragraph (1) above, the firm of Edwards & Angell LLP may decline a *pro bono* appointment as to any plaintiff in this action, should such appointment present a conflict of interest or would otherwise not be appropriate. In that event, counsel shall advise the court of the declination of a *pro bono* appointment in this action;

(3) Within 35 days of the date of this Memorandum and Order, counsel in the firm of Edwards & Angell LLP shall file a Notice of Appearance on behalf of any plaintiff which counsel

---

[1] The contact counsel for Edwards & Angell LLP is Attorney Windy L. Rosebush, Esq., Edwards & Angell LLP, 101 Federal Street, Boston, MA 02110; phone # (617)-951-2277; 888-325-9562 (fax); e-mail:wrosebush@edwardsangell.com

5

agrees to represent, *pro bono*, for the limited purposes described herein. The Notice of Appearance shall specify the names of each plaintiff represented, and clearly state the names of any plaintiff not represented in this action. Upon receipt of the Notice of Appearance, the court will take further action to arrange for mediation proceedings with a duly appointed mediator in conjunction with this court's Alternative Dispute Resolution program.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED:

1. Robert Brown's Motion to be Joined as a plaintiff in this action (Docket Entry # 50) is **ALLOWED.** The Clerk shall correct the docket accordingly and the court will deem that all prior pleadings and rulings of this court shall be applicable to plaintiff Robert Brown, *nunc pro tunc*. Defendants will be permitted to supplement their pleadings as to Robert Brown, if necessary;

2. Robert Brown's Motion for Leave to Proceed *in forma pauperis* (Docket Entry # 51) is **ALLOWED**, however, assessment of the initial partial filing fee pursuant to 28 U.S.C. § 1915(b) (in accordance with this court's prior Order directing apportionment of the filing fee among plaintiffs) is deferred pending receipt of a <u>certified</u> prison account statement as required;

3. unless plaintiff Robert Brown instructs otherwise, the Treasurer's Office at MCI Cedar Junction shall provide the court with plaintiff Robert Brown's certified prison account statement and other information as set forth in this Memorandum and Order.

4. the prior assessment of the filing fee made with respect to each co-plaintiff in this action is amended in light of inclusion of Robert Brown as a plaintiff. The Amended filing fee assessment is set forth in Schedule "A" attached to this Memorandum and Order, and the court directs the Accounting Department for the Clerk's Office to refund any overpayment by any plaintiff in view of the amended fee schedule; and

5. the prior allowance of plaintiffs' Motion for Appointment of Counsel is **VACATED**, however, unless plaintiffs file a written objection within 21 days from the date of this Memorandum and Order, *pro bono* counsel will be appointed for each non-objecting plaintiff, for the sole purpose of representing those plaintiffs in connection with mediation or settlement proceedings. Counsel shall not be appointed to represent plaintiffs in any other capacity, be it discovery practice, motion practice, or trial. Within 35 days of the date of this Memorandum and Order, counsel in the firm of Edwards & Angell LLP shall

file a Notice of Appearance on behalf of any plaintiff which counsel agrees to represent, *pro bono*, for the limited purposes described herein.

                                              /s/ Marianne B. Bowler
                                      MARIANNE B. BOWLER
                                      UNITED STATES MAGISTRATE JUDGE

**SCHEDULE "A"** (as Amended)

| Name | Prisoner # | **Initial Filing Fee** (Assessed Pursuant to 28 U.S.C. § 1915(b)(1)) | **Balance Due**: The remainder of the fee is to be assessed in accordance with 28 U.S.C. § 1915(b)(2). |
|---|---|---|---|
| Tony B. Gaskins | W 52145 | $11.69 | $7.54 |
| Mac Hudson | W 48494 | $19.23 | ----* |
| Orrin Simmons | W 64291 | $19.23 | ----* |
| Jeffrey Hardy | W 57408 | $8.42 | $10.81 |
| Prince Moses | W 64524 | $10.44 | $8.79 |
| Derick Tyler | W 48332 | $19.23 | ----* |
| Michael Keohane | W 67741 | $19.23 | ----* |
| Zakariya Bush | W 57052 | $7.55 | $11.68 |
| Samuel Correa | W 66636 | $19.23 | ----* |
| Trevor Higgins | W 62661 | $19.23 | ----* |
| Carl Odware | W 61996 | $19.23 | ----* |
| Steven Jacobbe | W 81729 | $0.00 ** | $19.23 ** |
| Robert Brown | W69773 | TO BE ASSESSED UPON RECEIPT OF PRISON ACCOUNT INFORMATION | TO BE ASSESSED UPON RECEIPT OF PRISON ACCOUNT INFORMATION |

* Each plaintiff is assessed a total filing fee in Civil Action No. 05-10630-JLT (consolidated with Civil Action No. 05-11230-JLT), of **$19.23.** The plaintiffs' initial assessment of the filing fee pursuant to 28 U.S.C. § 1915(b)(2) has been adjusted in Column 3 above, based on an apportioned fee amongst all plaintiffs. Accordingly, the initial assessment appearing in Column 3 has been reduced to reflect the total amount of the assessed fee owed by each plaintiff. Upon payment of the amount in Column 3, no further payment obligation is required.

**This plaintiff has proffered evidence of being without funds for six months and being currently without funds. Under 28 U.S.C. § 1915(b)(2), plaintiff is assessed an obligation to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account each time it exceeds $10.009

towards the payment of the $250.00 filing fee.[2]

---

[2]For ease of comparison, the original Schedule A apportioning the filing fees amongst plaintiffs is listed below:

SCHEDULE "A"

| Name | Prisoner # | Initial Filing Fee (Assessed Pursuant to 28 U.S.C. § 1915(b)(1)) | Balance Due: The remainder of the fee is to be assessed in accordance with 28 U.S.C. § 1915(b)(2). |
|---|---|---|---|
| Tony B. Gaskins | W 52145 | $11.69 | $9.14 |
| Mac Hudson | W 48494 | $20.83 | ----* |
| Orrin Simmons | W 64291 | $20.83 | ----* |
| Jeffrey Hardy | W 57408 | $8.42 | $12.41 |
| Prince Moses | W 64524 | $10.44 | $10.39 |
| Derick Tyler | W 48332 | $20.83 | ----* |
| Michael Keohane | W 67741 | $20.83 | ----* |
| Zakariya Bush | W 57052 | $7.55 | $13.28 |
| Samuel Correa | W 66636 | $20.83 | ----* |
| Trevor Higgins | W 62661 | $20.83 | ----* |
| Carl Odware | W 61996 | $20.83 | ----* |
| Steven Jacobbe | W 81729 | $0.00 ** | $20.83 ** |

\* Each plaintiff is assessed a total filing fee in Civil Action No. 05-11230-JLT, of **$20.83.** The plaintiff's initial assessment of the filing fee pursuant to 28 U.S.C. § 1915(b)(2) has been adjusted in Column 3 above, based on an apportioned fee amongst all plaintiffs. Accordingly, the initial assessment appearing in Column 3 has been reduced to reflect the total amount of the assessed fee owed by the plaintiff. Upon payment of the amount in Column 3, no further payment obligation is required.

\*\*Plaintiff has proffered evidence of being without funds for six months and being currently without funds. Under 28 U.S.C. § 1915(b)(2), plaintiff is assessed an obligation to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account each time it exceeds $10.00 towards the payment of the $250.00 filing fee.