```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

TONY B. GASKINS, et al.,                C.A. 05-10630-JLT
                                          (LEAD CASE)
    Plaintiffs,

    v.

DAVID NOLAN, et al,

    Defendants.

## DEFENDANTS' OPPOSITION TO THE PLAINTIFFS' JOINT MOTION FOR RECONSIDERATION

The defendants hereby oppose the plaintiffs' motion (P#54). There is no legal or factual basis for the plaintiffs' motion to reconsider this Court's previous order regarding their request for photocopies. Nothing in the case cited by the plaintiffs, Cepulonis v. Fair, 563 F.Supp. 659 (D. Mass. 1983), aff'd in part, 732 F.2d 1 (1st Cir. 1984), requires prison officials to maintain a photocopier in the "10 Block" law library at MCI-Cedar Junction. The plaintiffs concede that they have access to photocopying services from the prison's main library. Their filings in this, and the companion case, demonstrate that they have adequate access to the courts. *See* Sowell v. Vose, 941 F.2d 32, 34 (1st Cir. 1991) (Court will not assume that a "less than optimal clerical arrangement actually impedes a prisoner's ability to file meaningful legal papers.")

To the extent that the plaintiffs claim a right under regulations, policies, and/or handbooks to use a particular photocopier, their claim is not actionable under 42 U.S.C. § 1983. A mere violation of state regulations, without more, does not

2

comprise an actionable claim under § 1983. *See* <u>Sorenson v. Murphy</u>, 874 F.Supp. 461, 463 (D. Mass. 1995) (not every failure of state agency to adhere to its self-imposed regulations results in a violation of the Due Process Clause); <u>Johnson v. Summers</u>, 411 Mass. 82, 86 (1991) (the focus of a § 1983 action is whether defendant's conduct deprived plaintiff of a federally protected right, privilege, or immunity); <u>accord</u>, <u>Smith v. Maloney</u>, 735 F.Supp. 39, 42 (D. Mass. 1990) (reach of § 1983 does not extend to claim based solely on violation of state regulations).

WHEREFORE, the plaintiff's motion for reconsideration should be denied.

                                  Respectfully submitted,

                                  NANCY ANKERS WHITE
                                  Special Assistant Attorney General

Date: January 11, 2006         __/s/ David J. Rentsch_____
                                  Counsel, BBO #544926
                                  Legal Division
                                  Department of Correction
                                  70 Franklin Street, Suite 600
                                  Boston, MA  02110-1300
                                  (617) 727-3300, ext. 142


<u>CERTIFICATE OF SERVICE</u>

    I, David J. Rentsch, certify that on this day I caused a copy of the foregoing paper to be mailed to each plaintiff, <u>pro se</u>, by first class mail, postage pre-paid, at his current address.

Date: January 11, 2006         __/s/ David J. Rentsch_____
                                  David J. Rentsch