United States District Court
District of Massachusetts

FILED
IN CLERKS OFFICE
2006 MAR 17 P 12: 28
U.S. DISTRICT COURT
DISTRICT OF MASS

Tony B. Gaskins, et al.,
    Plaintiffs,

v.

Civil Action
No. 05-10630-JLT
(Lead Case)

David Nolan, et al.,
    Defendants


Plaintiffs Joint Objections
to Magistrate Bowler's
Report and Recommendation

The Plaintiffs object to Magistrate Bowler's Report and Recommendation of March 9, 2006. In support hereof, the Plaintiffs makes the following objections:

8. _Standing in "Access to Courts" Claims._

The Plaintiffs objects to the ruling within this section of U.S.M.J. Bowler's

-2-

Report and Recommendation. It has been recognized law that if an inmate is not provided access to an adequate law library, then he must be provided "legal assistance," if required. In the DDU, as constructed, the plaintiffs are "barred access" to an adequate and fully functional law library. This being so, then plaintiffs are entitled to legal assistance.

The defendants provided this court with "no evidence of 'any programs requiring legal assistance to all [DDU] inmates who require it...'" Cepulonis v. Fair, 732 F.2d 1, 3 (1st Cir. 1984). Cepulonis is the controlling case here because plaintiffs here base their claims of Cepulonis and its application to DDU inmates serving long-term segregation, as are the plaintiffs. The same rules

-3-

should apply here. Because "when a state chooses to fulfill its _Bounds_ obligation, even to DDU inmates, solely or primarily by providing access to a law library, such access cannot be so attenuated as to be meaningless." _Cepulonis_, 732 F.2d at 4.

The photocopying system set up is haphazard in the DDU, see _Cepulonis v. Fair_, 732 F.2d at 4, because it hinders plaintiff's ability to do research outside the library. In Ten Block (which is part of this suit in No. 05-11230-JLT) copies of cases already in the law library are not allowed. This clearly hinders a prisoner's ability to properly litigate his claims. The library in DDU and the photocopying system in Ten Block and DDU are not in compliance with _Bounds v. Smith_, 430 U.S. 817 (1977) and _Cepulonis_

-4-

v. <u>Fair</u>, 232 F.2d 1 (1984).

Adequate writing pens is also a requirement to have adequate access to the courts and the Magistrate's ruling to dismiss these claims was wrong.

D. <u>Remaining Claims</u>

"An incident of the right to counsel is the privileged nature of confidential communications between the plaintiff, as a litigant, and his attorney, concerning the pending case. This privilege should also be protected." Contact visits between attorney and client in a prison setting has always been the norm. The defendants should not be permitted to make an ambiguous argument of "security" to deny a prisoner contact with his attorney during a visit with him in

-5-

the DOC. There has been no showing by the defendants that the plaintiffs and their attorneys, during a contact visit "may" introduce contraband into the DOC. This analysis is remote and wholly speculative. See Marsh v. Moore, 325 F.Supp. 392, 395 (D.Mass. 1971).

The plaintiffs visiting their attorneys in the non-contact visiting booth violates their First Amendment rights to free speech and their Sixth Amendment rights to effective assistance of counsel, because its a known fact that the visiting phones are monitored and the prison administration "can" and "does" listen to the visits conversations. The defendants cannot meet the Turner v. Safley, 482 U.S. 28 (1987) factors to deny the plaintiffs' contact visits with their attorneys. And the

-6-

visiting policy for attorneys limit the defendants discretion in this area. Again, the Magistrate Judge was wrong to dismiss these claims.

Contrary to the Magistrate's ruling, Plaintiffs Gaskins and Hudson both provided evidence of a non-contact visit they had with Eva H. Clark, Esq., where she turned over legal documents for them to a guard, who, in turn, held on to the documents for "hours" before turning them over to them. And a reasonable inference can be drawn that the legal materials were read by prison staff.

Plaintiffs do have a Sixth Amendment right to criminal trial counsel and criminal appellate counsel. These are the rights that are being trampled on by defendants, and these are the rights Magistrate Bowler

-7-

disregarded. See <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

    Plaintiffs criminal attorneys cannot always visit with them, so the attorney-client communication is then relegated to either communication by phone or mail. Now, for this court to say communication by mail is adequate enough would be an improper ruling. Because there are instances where the inmate may need immediate communication with the lawyer that communication by [mail] cannot apply. The time it takes to receive the letter may be "too late," whereas by phone gives him direct and "immediate" access. So the "four" phone slip (maximum) per month for all calls would hinder a prisoner's ability to call his lawyer, if immediate communication is required.

-8-

If an inmate uses up his four phone slips, he is virtually handicapped and unable to communicate by phone with counsel, if needed. If a situation comes up which needs immediate attention through counsel, to say a prisoner must "earn" his right to call his attorney, would hinder and discourage a prisoner adequate right of access to the courts. If the word "access to courts" is to have any meaning, then the dismissal must be reversed.

II. <u>Motions for Temporary Restraining Order or Preliminary Injunction (Docket Entry #48, Civil Action No. 05-11230-JLT; Docket Entry #14)</u>

The preliminary injunction filed here relates not to the merits of plaintiffs claims, but to whether or not plaintiffs

are to be allowed private contact visits with their attorneys in DDU; to be permitted to call attorneys as needed; to be provide with adequate law library or legal assistance in DDU; to be provided with a photocopying machine in Ten Block and DDU in compliance with the CMR; and to be permitted to pursue pretrial procedures and post-trial procedures effectively and to prepare for trial or direct appeal.

"In such a situation it is not necessary that plaintiff carry the difficult burden of establishing that there is a reasonable probability that he will prevail on the merits." Marsh v. Moore, 325 F.Supp. at 395. It is enough that it appear that the balance of hardships weighs decidedly in plaintiff's favor, and that plaintiff has raised substantive issues on

the merits which are serious and important, and which are fair ground for litigation and further investigation. Id. at 395-396.

Plaintiffs here has sustained that burden and their TRO and Preliminary Injunction should have been allowed.

Respectfully submitted,

*Tony B. Gaskins*
Tony B. Gaskins, Pro Se
MCI-Cedar Junction
P.O. Box 100
So. Walpole, Ma. 02071

Dated: 3/13/06

### Certificate of Service

I, Tony B. Gaskins, certify that a copy was served on: David J. Rentsch, Esq., Department of Correction, Legal Division, 70 Franklin Street, Suite 600, Boston, Ma. 02110-1300, by first class mail, postage prepaid.

Dated: 3/15/06

*Tony B. Gaskins*
Tony B. Gaskins